Commonwealth *v.* Shank, Appellant.

Submitted April 19, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Harry Shank,* appellant, in propria persona.

T. *Michael Mather* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, December 29, 1971:

In a Post Conviction Hearing Act petition, appellant alleged that his guilty plea was not voluntarily and intelligently entered. He had pleaded guilty to murder generally and had been found guilty of voluntary manslaughter and sentenced to a term of six to twelve years' imprisonment. His assertion is that his guilty plea could not have been knowingly and intelligently entered inasmuch as the plea was accompanied by the assertion of facts which, if believed, would establish that the homicide was justifiable, necessitated by self-defense.

The crime for which appellant was tried was the stabbing to death of appellant's fellow prison inmate. He and two fellow inmates testified that the decedent had been the aggressor, attacking appellant first, apparently angry because of appellant's efforts to protect a fellow inmate from the decedent's homosexual assaults by having the fellow inmate transferred to another part of the prison. He argues that in such circumstances, the plea could not have been entered with complete comprehension of its impact and was, therefore, not entered intelligently and voluntarily.

The law on the subject in this Commonwealth is contained in our decisions in *Commonwealth v. Cottrell,* 433 Pa. 177, 249 A. 2d 294 (1969), and *Commonwealth v. Roundtree,* 440 Pa. 199, 269 A. 2d 709 (1970). We have most recently cited the language of *Roundtree* with approval in *Commonwealth v. Sampson,* 445

Pa. 558, 285 A. 2d 480 (1971). Whether the view expressed in Mr. Justice ROBERTS' concurring opinion in *Sampson*,[1] "that a guilty plea should not be accepted if coupled either (a) with the assertion of exculpatory facts, or (b) with a proclamation of innocence," is correct, or whether the view expressed in the majority opinion in *Sampson*, that a guilty plea may be accepted when it is "coupled with a flat denial of responsibility," but may not be accepted when it is "accompanied by an assertion of facts establishing an affirmative defense," is correct, appellant's guilty plea should not have been accepted. Here, the facts asserted, if believed, would have made out the affirmative defense of self-defense, and in such circumstances the acceptance of a plea of guilty is error.

We have examined appellant's other allegations of error involving the alleged bias of the trial judge and find them to be without merit. The acceptance of the guilty plea, however, in circumstances such as these, entitles appellant to a new trial.

Order reversed, judgment of sentence vacated, and case remanded to the Court of Common Pleas, Trial Division, Criminal Section, of Philadelphia for further proceedings consistent herewith.

---

[1] The writer of this opinion joined in Mr. Justice ROBERTS' concurring opinion in *Sampson*.