Commonwealth *v.* Blackman, Appellant.

Submitted November 8, 1971.   Before BELL, C. J.,
JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BAR-
BIERI, JJ.

Daniel M. Preminger and John W. Packel, Assist-
ant Defenders, and Vincent J. Ziccardi, Defender, for
appellant.

Bonnie Brigance Leadbetter and Milton M. Stein,
Assistant District Attorneys, James D. Crawford,
Deputy District Attorney, Richard A. Sprague, First
Assistant District Attorney, and Arlen Specter, Dis-
trict Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, December 29,
1971:

On April 14, 1948, appellant, while represented by
two court-appointed counsel, pleaded guilty to murder
generally in the shooting death of Louis Nelson.   A

three-judge court, after hearing testimony, found appellant guilty of murder in the first degree and sentenced him to life imprisonment. In November 1970, appellant's sentence was commuted, and he is now on parole.

On January 19, 1971, appellant filed a post-conviction petition, alleging that his guilty plea was involuntary and his counsel ineffective. At an evidentiary hearing, appellant testified that he never wanted to plead guilty and that his plea should not have been accepted because his own explanation of Nelson's death constituted a claim of self-defense inconsistent with his guilty plea.

Only one of his two court-appointed counsel was still living at the time of the hearing, and he testified that both he and his cocounsel advised appellant to plead guilty because they felt appellant's story lacked credibility and the district attorney's file, which they had read, contained a particularly damaging eyewitness account of the events, directly contradicting appellant's version of the incident.

The post-conviction hearing court, relying on *North Carolina v. Alford*, 400 U.S. 25 (1970), held that where the guilty plea was entered in open court on the advice of competent counsel and supported by substantial prosecution evidence, it was not invalid simply because it was not followed by an admission of guilt.

However, we have stated that where the defendant, though pleading guilty, testifies to what amounts to a complete defense to the crime charged, his guilty plea cannot be a knowing and intelligent act and should not be accepted. *Commonwealth v. Sampson*, 445 Pa. 558, 285 A. 2d 480 (1971) ; *Commonwealth v. Shank*, 446 Pa. 59, 285 A. 2d 479 (1971) ; *Commonwealth v. Roundtree*, 440 Pa. 199, 269 A. 2d 709 (1970). Despite the Commonwealth's suggestion that we should reconsider

*Roundtree* in light of the United States Supreme Court's decision in *North Carolina v. Alford, supra,* we do not choose to do so. Although our statement in *Roundtree* may not be constitutionally required, we are still convinced of its wisdom. Cf. *Commonwealth v. Ware,* 446 Pa. 52, 284 A. 2d 700 (1971).

Nevertheless, as was the case in *Roundtree,* we are convinced that appellant has, by his own words, indicated he does not have a viable self-defense claim in the instant case.

At the degree-of-guilt hearing, appellant testified as follows:

"I went to close the door, the front door in the hall, and when I came back Nelson had gotten into an argument with a man named Ollie. He accused him of taking a dollar, from what I understood.

"They made such a noise, well, several of us asked him to be quiet, and he refused, and he made more trouble each time.

"So, I asked him, I told him there was a lady next door who was kind of ill, and she immediately complained if we made too much noise.

"Nelson then went out in the back yard and came back, and stood by the stove, and put his hand in his pocket and said—he threatened to run all of us out of the kitchen. He backed off and put his hand in his pocket, and at that time I was standing by the bed, and I reached down and pulled out a 32 pistol that I had there, and I went over between the stove and the table and I told him to go out in the street until he finished his argument and then come back.

"When I did that, he came out of his pocket with a knife and started at me, and I thought he meant business. . . ."

In order to substantiate a claim of self-defense, appellant must show, *inter alia,* that he was "free from

fault in provoking or continuing the difficulty which resulted in the killing. . . ." *Commonwealth v. Roundtree, supra,* at page 204, quoting from *Commonwealth v. Johnston,* 438 Pa. 485, at page 489, 263 A. 2d 376 (1970).

By appellant's own account, he brought his gun into the affray before the victim had even shown a knife. Consequently, his testimony does not make out a valid claim of self-defense nor does it, by itself, indicate that his guilty plea was anything but voluntary.

Considering the other evidence offered at appellant's Post Conviction Hearing Act hearing, the court did not err in concluding that appellant did not meet his burden of proving that he did not fully understand the meaning of his guilty plea.

Order affirmed.