351 A.2d 280

**COMMONWEALTH of Pennsylvania**

v.

**Charles Edward THOMPSON.**

Supreme Court of Pennsylvania.

Submitted Nov. 8, 1973.

Decided Jan. 29, 1976.

16

Francis X. Nolan, Philadelphia, for appellant.

Arlen Specter, Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., Milton M. Stein, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

NIX, Justice.

On November 29, 1972, appellant Charles Thompson pleaded guilty to the charge of murder generally which the Commonwealth certified to be no higher than murder of the second degree. Approximately one year later a direct appeal was filed in this Court which we allowed nunc pro tunc.

Appellant's sole contention is that his guilty plea was not knowingly and voluntarily entered because the colloquy pursuant to which he entered it was deficient. Specifically, he contends this deficiency resulted from the fact that his plea was accepted in the face of an affirmative defense, that the elements of the offense were never explained to him and that certain rights attendant upon a jury trial were inadequately explained. Since we agree with appellant's first contentions, we need not reach the merits of his final claim.

At the guilty plea hearing, appellant's counsel conducted the guilty plea colloquy with the court's approval. During the course of this dialogue, no attempt was made to elicit specifically from appellant those acts surrounding the shooting which he intended to admit by the entry of the plea other than the single unchallenged fact that he fired the shot which caused the death of Mr. Andrews. The record contains the following questions and answers which represent the entire information ascertained as to those acts to which appellant admitted responsibility prior to the acceptance of the plea.

"Q. Charles, do you understand that you are charged by the Commonwealth of Pennsylvania with committing murder? Do you understand this?

A. Yes.

Q. Do you understand that in second-degree murder there is a maximum penalty which can be imposed —a minimum of 10 years and a maximum period of 20 years in a State penal institution.
Do you understand that?

A. I understand * * *

Q. You have indicated to me and, I believe, you have indicated to the Court today you are pleading guilty to second-degree murder, that in fact you did shoot the man that you are charged with shooting; is that correct?

A. That is correct.

*     *     *     *     *     *     *     *

THE COURT: I assume you plan to read from the record?

MR. GOTTLIEB: Yes. I will ask him that, Your Honor.

THE COURT: All right.

BY MR. GOTTLIEB:

Q. Now, do you understand in pleading guilty in effect you are admitting to the Court that you did cause the death of the gentleman who passed away, you did in this case shoot him.

*     *     *     *     *     *     *     *

Do you understand that?

A. Yes.

Q. Do you understand in this particular case Mr. Anderson, the Assistant District Attorney who represents the Commonwealth, has indicated that the charge

against you rises no higher than second-degree murder as a degree of guilt?

Do you understand that?

A.   I understand that."

**■■** Thus, the first deficiency in this colloquy is that the judge failed to have elicited from appellant the facts he was admitting in pleading guilty. From this colloquy it is not clear that any criminal liability should attach. Murder requires more than the mere act of killing, it is essential that the killing be accompanied by malice. *Commonwealth v. Taylor*, 461 Pa. 557, 337 A.2d 545 (1975); *Commonwealth v. Boyd*, 461 Pa. 17, 334 A. 2d 610 (1975); *Commonwealth v. Coleman*, 455 Pa. 508, 318 A.2d 716 (1974); *Commonwealth v. McFadden*, 448 Pa. 277, 292 A.2d 324 (1972). When the judge accepted the plea of guilt, she was only certain that appellant admitted causing the death of the victim. There was, however, absolutely no basis to make any determination as to whether he was admitting a malicious killing.

" 'Because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.' " *Boykin v. Alabama*, 395 U.S. 238, 243, n. 5, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, n. 5 (1969), quoting *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969).[1]

---

**1.**  In this case the absence of any explanation of the elements of the offense compounded the deficiency. In *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1968), the United States Supreme Court discussed the requirements of a voluntary and knowing guilty plea and noted:

" 'A majority of criminal convictions are obtained after a plea of guilty. If these convictions are to be insulated from attack, the trial court is best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges,  .  .  .  the acts sufficient to constitute the offenses for which he is charged  .  .  .  .'

■ The second deficiency in this colloquy is the judge's acceptance of appellant's guilty plea when appellant's version of the killing included facts which suggested that he had a defense of self-defense. The only recorded account of appellant's version of the facts surrounding the killing is contained in a statement which he gave to police authorities upon his arrest. This was introduced into evidence in the degree of guilt hearing immediately following the entry of appellant's plea of guilt.

In the statement, although appellant admitted causing the death of Mr. Andrews, appellant asserted that he did so in an attempt to defend himself against Andrews' threat to kill him. At this juncture, after having its attention drawn to the possibility of a self-defense claim, the court made no effort to ascertain whether or not appellant was, in fact, admitting criminal responsibility. In a similar factual setting in *Commonwealth v. Roundtree*, 440 Pa. 199, 202–203, 269 A.2d 709 (1970), we stated:

"We think it is logical and correct that if a defendant pleads guilty to a criminal charge, and in the next breath contravenes the plea by asserting facts which, if true, would establish that he is not guilty, then his guilty plea is of no effect and should be rejected. For on its face, such a situation would show that the plea was not entered with a complete comprehension of its impact. *Commonwealth v. Cavanaugh*, 183 Pa.Super. 417, 133 A.2d 288 (1957); and *United States ex rel. Crosby v. Brierley*, 404 F.2d 790 (3d Cir. 1968). In

*Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 105–106, 237 A.2d 196, 197–198 (1968)." 395 U.S. 238, 244, 89 S.Ct. 1709, 1713, 23 L.Ed.2d 274 n. 7.
In the instant case appellant was not apprised of the most fundamental element of murder, malice. Thus, from this record it cannot be established either that appellant was admitting to a killing under circumstances that would amount to legal malice or that he was aware that such circumstances were necessary before he could be found guilty of the charge to which he was offering the plea.

other words, a defendant should not be allowed to plead 'guilty' from one side of his mouth and 'not guilty' from the other. And when a plea of guilty is entered, it is not then for the court to determine guilt or innocence. *United States ex rel. Crosby v. Brierley,* supra. On examination of Roundtree's own testimony during the plea proceedings is, therefore, necessary."

The judge, in her opinion, attempted to discount the possibility of a valid plea of self-defense on the part of appellant by analyzing other portions of his statement and suggesting reasons why, under appellant's version, a jury would have been entitled to reject the defense. While these factors might properly form a basis for a trier of fact to reject the claimed defense, this is not the critical issue to be resolved in the question presented here. Before accepting the plea, the lower court must be satisfied that the accused is admitting guilt and is not asserting a claim (whether or not it would eventually prove successful) of defense, justification or excuse.

The third deficiency in the instant colloquy is that once the judge learned of the existence of the statement and its contents, it then became incumbent upon her, not only to advise appellant that the defense, if established, would entitle him to an acquittal, but also that his act of entering a plea precluded any further opportunity of asserting his defense. We articulated the reasons for this rule in *Commonwealth v. Robinson,* 452 Pa. 316, 320–321, 305 A.2d 354, 356 (1973):

"It is well established that a guilty plea is not knowing and intelligent where the defendant does not appreciate the nature and consequences of that plea. See, *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A.2d 196 (1968). If the defendant does not understand that his guilty plea waives all possibility of acquittal, then that plea is void and cannot be accept-

22

ed. *Commonwealth v. Shank,* 446 Pa. 59, 285 A.2d 479 (1971)."

Judgment of sentence reversed and a new trial awarded.

JONES, C. J., and EAGEN, J., concur in the result.

POMEROY, J., filed a concurring opinion, in which MANDERINO, J., joins.

POMEROY, Justice (concurring).

I agree that the guilty plea colloquy which preceded the trial court's acceptance of appellant's plea of guilty was inadequate under the standards prevailing at the time the plea was entered. I am also of opinion that the Court properly reaches the merits of appellant's challenge to his guilty plea, despite the fact that no petition to withdraw the plea was filed in the trial court. See my concurring opinion in *Commonwealth v. Rodgers,* 465 Pa. 379, 386, 350 A.2d 815 (1974). Accordingly, I concur in the reversal of the judgment of sentence and in the remanding of the case for a new trial.

MANDERINO, J., joins in this concurring opinion.