350 A.2d 815

**COMMONWEALTH of Pennsylvania**

v.

**Floyd RODGERS, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 20, 1975.

Decided Jan. 29, 1976.

380

Allan M. Tabas, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Floyd Rodgers entered a plea of guilty to a charge of voluntary manslaughter on March 19,

1973, pursuant to a plea bargain. On this appeal [1] he challenges the validity of his guilty plea, alleging that it was involuntarily entered because of deficiencies in the colloquy which took place before his plea was accepted by the trial court.[2] If the colloquy does not reflect a voluntary plea, we are bound by federal and state law to reverse the conviction and remand for a new trial.[3] We find the colloquy in this case to be deficient in one crucial aspect, vacate the judgment of sentence and remand for a new trial.

The constitutional requirement for a valid guilty plea is that the record of the guilty plea hearing contain an affirmative showing that the defendant understands "what the plea connotes and . . . its consequences." [4] In particular cases, this understanding has been held to include: (1) an understanding what specific acts the defendant is admitting and whether they make out the crime charged [5]; (2) an understanding of the rights given up by choosing not to put the state to its

1. See Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Sup.1975).

2. See Pa.R.Crim.P. 319(a):
   "(a) Generally. A defendant may plead not guilty, guilty, or, with the consent of the court, nolo contendere. The judge may refuse to accept a plea of guilty, and shall not accept it unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record."

3. See *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974); *Commonwealth v. Belgrave*, 445 Pa. 311, 285 A.2d 448 (1971).

4. *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969).

5. " 'Because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.' "
   *Boykin v. Alabama*, 395 U.S. 238, 243 n. 5, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 n. 5 (1969), quoting *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969).

proof [6]; and (3) an understanding of the nature and extent of punishment which may be imposed for the crime which the defendant admits committing.[7]  Obviously, this is not an all inclusive list, because the indicia of a voluntary, knowing and intelligent plea will vary with the circumstances of the individual case.

Appellant claims that he acted in self-defense when he shot the decedent.  The facts are: Appellant, his sister and two male friends were walking on a public street in Philadelphia when the decedent came up to appellant and said: "We got your cousin Friday night, I am going to get you next."  Appellant gave the following statement to the police:

> "I said OK and [decedent] came walking towards me and had his left hand on his back pocket.  I could see the handle of a knife sticking out of his back pocket.  When he got about arms length from me he took a knife from his back pocket and he swung at me two times, I moved to the side.  We were face to face, I had a 25 automatic in my left front pants pocket and I pulled it out with my left hand and put it in my right hand and fired once at [decedent].
>
> Q.  [by police]  How far from [decedent] were you when you fired?
>
> A.  About four feet away." [8]

During the guilty plea colloquy, the trial judge attempted to explore the facts surrounding appellant's reaction to the attack.

> "THE COURT: Why did you kill [the decedent]?

**6.**  *Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 1711–13, 23 L.Ed.2d 274 (1969); *Commonwealth v. Enty,* 442 Pa. 39, 40, 271 A.2d 926, 927, cert. denied, 402 U.S. 913, 91 S.Ct. 1396, 28 L. Ed.2d 656 (1971); *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 105–06, 237 A.2d 196, 198 (1968).

**7.**  Sources cited supra note 6.

**8.**  Appellant's statement to the police was made part of the guilty plea hearing record.

"THE DEFENDANT: Why did I kill [him]? He tried to kill me.

"THE COURT: And when he tried to kill you with a knife, you beat him to the punch.

"THE DEFENDANT: Something like that.

"THE COURT: And what was your response when he went after you with a knife? How did you feel?

"THE DEFENDANT: How did I feel? Really when he came to me with a knife, I thought the guy was crazy, something wrong with him.

"THE COURT: So what did you do?

"THE DEFENDANT: Well, I protected myself and I shot him.

"THE COURT: All right. Does the Commonwealth have any further questions?"

We have often held that when a guilty plea is accompanied by the assertion of facts which make out a defense to the crimes charged, the plea may not be accepted unless the discrepancy is resolved. The defendant must be aware, and the record must show that he is aware, that his defense cannot be considered when he enters a guilty plea. The record must affirmatively demonstrate that he knows that by pleading guilty he waives the opportunity to assert facts which may establish the defense of self-defense. As Mr. Justice O'Brien stated in *Commonwealth v. Blackman*, 446 Pa. 61, 64–65, 285 A.2d 521, 522 (1971):

"[W]e have stated that where the defendant, though pleading guilty, testifies to what amounts to a complete defense to the crime charged, his guilty plea cannot be a knowing and intelligent act and should not be accepted. *Commonwealth v. Sampson*, 445 Pa. 558, 285 A.2d 480 (1971); *Commonwealth v. Shank*, 446 Pa. 59, 285 A.2d 479 (1971); *Commonwealth v. Roundtree*, 440 Pa. 199, 269 A.2d 709 (1970)."

In *Commonwealth v. Robinson,* 452 Pa. 316, 320–21, 305 A.2d 354, 356 (1973), Mr. Justice Nix, writing for the Court, stated:

> "It is well established that a guilty plea is not knowing and intelligent where the defendant does not appreciate the nature and consequences of that plea. . . . If the defendant does not understand that his guilty plea waives all possibility of acquittal, then the plea is void and cannot be accepted. . . . It is for this reason that we have said: '[A] defendant should not be allowed to plead "guilty" from one side of his mouth and "not guilty" from the other.' *Commonwealth v. Roundtree,* 440 Pa. 199, 202, 269 A.2d 709, 711 (1970)."

■ Here the record does not show that appellant knew that his guilty plea waived his defense. At the guilty plea hearing he asserted that he shot the decedent only to protect himself following decedent's unprovoked attack with a knife. Given this apparent assertion of self-defense, the trial court should have explored the facts more completely, or at least determined whether appellant was asserting a defense and whether he knew that he waived the defense by pleading guilty. The absence from the record of any indication that appellant was aware of these effects of his guilty plea renders the pla unknowing, unintelligent and involuntary.

Judgment of sentence reversed, case remanded for a new trial.

POMEROY, J., filed a concurring opinion, in which MANDERINO, J., joins.

POMEROY, Justice (concurring).

I concur in the grant of a new trial because the record discloses that the trial judge accepted appellant's plea of guilty to voluntary manslaughter without sufficient

exploration of appellant's account of his shooting of the victim to determine whether appellant had a tenable claim of self-defense and, if so, whether he intended to waive that claim. See and compare *Commonwealth v. Robinson*, 452 Pa. 316, 305 A.2d 354 (1973); *Commonwealth v. Blackman*, 446 Pa. 61, 285 A.2d 521 (1971); *Commonwealth v. Sampson*, 445 Pa. 558, 285 A.2d 480 (1971); *Commonwealth v. Shank*, 446 Pa. 59, 285 A.2d 479 (1971); *Commonwealth v. Roundtree*, 440 Pa. 199, 269 A.2d 709 (1970). I write this separate statement in order to comment upon the procedural aspects of this appeal.

Appellant has brought this appeal directly from the judgment of sentence imposed following his plea of guilty. We have but recently said, and I believe with sound reason, that a challenge to the validity of a guilty plea should be initially addressed to the trial court by means of a petition to withdraw the plea. *Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749, 750n. (1975); *Commonwealth v. Zakrzewski*, 460 Pa. 528, 333 A.2d 898, 900 n. 1 (1975); *Commonwealth v. Starr*, 450 Pa. 485, 301 A.2d 592 (1973). See American Bar Association Project on Standards for Criminal Justice, Standards Relating to Pleas of Guilty § 2.1 (Approved Draft, 1968). Such a petition, like a post-trial motion, enables the trial court in the first instance to pass upon the defendant's claim of error. In the event that an evidentiary hearing is deemed necessary in order to resolve the issues raised by the defendant, the holding of such a hearing will have been expedited. If the trial court grants relief either with or without the taking of evidence, an appeal may have been avoided. If, however, an appeal is taken from either the denial or the granting of the petition to withdraw, the appellate court will have the benefit of a lower court opinion setting forth the grounds upon which its decision was made. See Rule 56 of the Rules of this Court. Thus, the requirement that a challenge to a

guilty plea be initiated in the court which accepted the plea serves the same purposes with regard to the orderly operation of the appellate process as does the requirement that post-verdict motions be filed in cases in which full trial is had. See *Commonwealth v. Carter*, 463 Pa. 310, 344 A.2d 846 (1975). It is fairer to the trial court, to the appellate court and to the defendant himself to handle a guilty plea attack in this fashion; it is also more consonant with the dictates of judicial economy and normal procedure.

It is for these reasons that the Court has spoken as it has, and it is for these reasons that the Court should normally remand a case such as this to the trial court for the filing by appellant of a petition to withdraw his plea of guilty. Because, however, this appellant's challenge to his plea is directed solely to the adequacy of the on-the-record colloquy and this appeal may therefore be decided on the record before us, interests of judicial economy would not be served by a remand at this juncture. I can thus acquiesce in the action of the Court in reaching the merits of this case, notwithstanding that the trial court has been deprived of the opportunity to discover its own mistake and take proper remedial action. See *Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749, 750n. (1975).

MANDERINO, J., joins in this concurring opinion.