632 A.2d 312

**COMMONWEALTH of Pennsylvania**

v.

**Barry Lee FLUHARTY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 29, 1993.

Filed Oct. 21, 1993.

214

Jon Auritt, Media, for appellant.

William R. Toal, III, Asst. Dist. Atty., Havertown, for Com., appellee.

Before CAVANAUGH, WIEAND and HOFFMAN, JJ.

WIEAND, Judge.

On February 4, 1987, Barry Lee Fluharty entered pleas of guilty to charges of aggravated assault on a police officer and carrying a firearm without a license. He waived the preparation of a pre-sentence report and was immediately sentenced to serve concurrent terms of imprisonment for not less than twenty-nine (29) months nor more than five (5) years for aggravated assault and not less than seventeen (17) months nor more than five (5) years for carrying a firearm without a license.[1] A pro se motion to modify sentence was denied on February 26, 1987. Fluharty filed no other post-verdict motions, and did not take a direct appeal from the judgment of sentence. However, on March 13, 1991, Fluharty filed a petition under the Post Conviction Relief Act (P.C.R.A.),[2] in which he sought to withdraw his pleas of guilty and alleged, inter alia, that an insufficient factual basis had existed to support his plea of guilty to the charge of aggravated assault. Because his counsel had advised him to plead guilty, he alleged, counsel had been constitutionally ineffective. Following an evidentiary hearing, the P.C.R.A. court denied Fluharty's petition for post-conviction relief. This appeal followed.

On appeal from the order denying his P.C.R.A. petition, appellant continues to assert that his guilty plea counsel was ineffective for advising him to enter a plea of guilty when there was no factual basis shown for the offense of aggravated assault. Specifically, appellant contends that, during the guilty plea colloquy, he denied any intent to cause serious bodily injury to a police officer, an intent which is essential to the crime of aggravated assault. He also contends that the averments relied upon by the Commonwealth to establish a factual basis for the pleas were insufficient to establish any intent on appellant's part to cause serious bodily injury to the

1. As a result of pleading guilty in this case, Fluharty was found to be in violation of his parole on a prior conviction for involuntary manslaughter. For this, his parole was revoked, and he was required to serve an additional period of imprisonment.

2. 42 Pa.C.S. § 9541 et seq.

police officer. Under these circumstances, appellant argues, the trial court should not have accepted his pleas of guilty, and his counsel was ineffective for advising him to plead guilty to the charge of aggravated assault.

 The standard for evaluating claims of ineffective assistance of counsel has been stated by the Pennsylvania Supreme Court in the following manner:

> The threshold inquiry in such claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for failing to assert a meritless claim. *Commonwealth v. Pursell,* 508 Pa. 212, 495 A.2d 183 (1985). If this threshold is met, it must next be established that the particular course chosen by counsel had no reasonable basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). Finally, we require that the defendant establish how counsel's commission or omission prejudiced him. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987).

*Commonwealth v. Durst,* 522 Pa. 2, 4–5, 559 A.2d 504, 505 (1989). Under the Post Conviction Relief Act, "a petitioner *must not only* establish ineffective assistance of counsel, [but] *must also* establish that the ineffectiveness was of a type 'which in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place.'" *Commonwealth v. Thomas,* 396 Pa.Super. 92, 98, 578 A.2d 422, 425 (1990), quoting 42 Pa.C.S. § 9543(a)(2)(ii). Where an allegation of ineffective assistance of counsel is made in connection with the entry of a plea of guilty, such allegation "will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea." *Commonwealth v. Chumley,* 482 Pa. 626, 641, 394 A.2d 497, 504 (1978), *cert. denied,* 440 U.S. 966, 99 S.Ct. 1515, 59 L.Ed.2d 781 (1979). A similar standard is applicable to all post-sentence attempts to withdraw a guilty plea, where the defendant must demonstrate a manifest injustice by showing that his plea was

involuntary or was entered without knowledge of the charges. See: *Commonwealth v. McClendon*, 403 Pa.Super. 467, 469–470, 589 A.2d 706, 707 (1991) (en banc).

"It is a long established principle of constitutional due process that the decision to plead guilty must be personally and voluntarily made by the accused." *Commonwealth v. Hines*, 496 Pa. 555, 559, 437 A.2d 1180, 1182 (1981). As such,

> Pennsylvania has constructed its guilty plea procedures in a way designed to guarantee assurance that guilty pleas are voluntarily and understandingly tendered. See: Pa. R.Crim.P. 319 and comment thereon. The entry of a guilty plea is a protracted and comprehensive proceeding wherein the court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly tendered.

*Commonwealth v. Cole*, 387 Pa.Super. 328, 335–336, 564 A.2d 203, 206 (1989) (en banc). The Pennsylvania Supreme Court has explained:

> Pa.R.Crim.P. 319 requires that a guilty plea be offered in open court, and sets a procedure to determine voluntariness and whether the defendant is acting knowingly and intelligently. As noted in the comment to Rule 319, the minimum to be determined is:
>
> (1) Does the defendant understand the nature of the charges to which he is pleading guilty?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he has the right to trial by jury?
>
> (4) Does the defendant understand that he is presumed innocent until he is found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?
>
> Under this rule, beside determining whether the plea is voluntary, knowledgeable and intelligent, the court must

also determine whether there is a factual basis for the plea: i.e., whether the facts acknowledged by the defendant constitute a prohibited offense. This salutary requirement is to prevent a plea where in fact the legal requirements have not been met; and, to name and define the offense, supported by the acts, so the defendant will know the legal nature of the guilt to which he wishes to plead. No more than these inquiries are required.

*Commonwealth v. Anthony,* 504 Pa. 551, 558–559, 475 A.2d 1303, 1307 (1984) (footnote omitted).

█ "In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences." *Commonwealth v. Broadwater,* 330 Pa.Super. 234, 244, 479 A.2d 526, 532 (1984). This determination is to be made "by examining the totality of the circumstances surrounding the entry of the plea." *Id.* See: *Commonwealth v. Shaffer,* 498 Pa. 342, 350–351, 446 A.2d 591, 595–596 (1982); *Commonwealth v. Klinger,* 323 Pa.Super. 181, 194–195, 470 A.2d 540, 547 (1983). Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea. See: *Commonwealth v. Schultz,* 505 Pa. 188, 477 A.2d 1328 (1984); *Commonwealth v. Martinez,* 499 Pa. 417, 453 A.2d 940 (1982). See also: *Commonwealth v. Iseley,* 419 Pa.Super. 364, 377–378, 615 A.2d 408, 415 (1992).

"It is clear that before accepting a plea of guilty, the trial court must satisfy itself that there is a factual basis for the plea." *Commonwealth v. Maddox,* 450 Pa. 406, 409–410, 300 A.2d 503, 505 (1973). However, "the 'factual basis' requirement does not mean that the defendant must admit every element of the crime." *Commonwealth v. Ingram,* 455 Pa. 198, 202, 316 A.2d 77, 79–80 (1974). In this respect, the United States Supreme Court has held:

[W]hile most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.

Nor can we perceive any material difference between a plea that refuses to admit commission of the criminal act and a plea containing a protestation of innocence when, as in the instant case, a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt.

*North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162, 171 (1970). See: *Commonwealth v. Cottrell,* 433 Pa. 177, 179, 249 A.2d 294, 295 (1969) ("[W]here there is significant evidence of guilt ... and the accused, after adequate consultation with his counsel, decides to plead guilty, that plea is not rendered invalid merely because the accused is unable or unwilling to detail the occurrence in court.").

■ It would appear, therefore, that a defendant may knowingly and voluntarily enter a guilty plea as a matter of strategy or expedience even though he or she is unable or unwilling to admit guilt. *Commonwealth v. Ingram, supra* at 202–203, 316 A.2d at 80. See also: *Commonwealth v. Shaffer, supra* at 352–353, 446 A.2d at 596. Nevertheless, the Pennsylvania Supreme Court has observed that "if a defendant pleads guilty to a criminal charge, and in the next breath contravenes the plea by asserting facts which, if true, would establish that he is not guilty, then his guilty plea is of no effect and should be rejected." *Commonwealth v. Roundtree,* 440 Pa. 199, 202, 269 A.2d 709, 711 (1970). See also: *Commonwealth v. Thompson,* 466 Pa. 15, 20–21, 351 A.2d 280, 283 (1976); *Commonwealth v. Robinson,* 452 Pa. 316, 320–321, 305 A.2d 354, 356 (1973); *Commonwealth v. Blackman,* 446 Pa. 61, 63–64, 285 A.2d 521, 522 (1971). Compare: *Commonwealth v. Sampson,* 445 Pa. 558, 562–563, 285 A.2d 480, 482–483 (1971) (plurality opinion).

The apparent conflict in the reasoning of these cases has been explained by the Superior Court in the following manner:

> The cases holding that a guilty plea should not be accepted if the defendant asserts facts that might constitute a defense, *Commonwealth v. Blackman,* 446 Pa. 61, 285 A.2d 521 (1971); *Commonwealth v. Sampson,* 445 Pa. 558, 285 A.2d 480 (1971); *Commonwealth v. Roundtree,* 440 Pa. 199, 269 A.2d 709 (1970), are based on the principle that a person cannot intelligently plead guilty if he is unaware that he has a defense. "It is axiomatic that for a plea of guilty to be constitutionally valid, it must be the voluntary and intelligent act of the maker". *Commonwealth v. Cottrell,* 433 Pa. 177, 178, 249 A.2d 294, 295 (1969).
>
> It does not follow from these cases, however, that an accused must admit his guilt before his guilty plea may be accepted. In *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the court upheld a guilty plea accompanied by an assertion of innocence when there was substantial independent evidence of guilt; and *Commonwealth v. Reagen,* 447 Pa. 186, 290 A.2d 241 (1972), has followed *Alford* in holding that a guilty plea is acceptable even if solely motivated by the appellant's fear of the death penalty. As observed in *Commonwealth v. Sampson, supra,* 445 Pa. at 563, 285 A.2d at 483, a distinction must be drawn: ". . . it is readily apparent that a guilty plea coupled solely with a flat denial of responsibility is entirely separate and distinct from a guilty plea accompanied by an assertion of facts establishing an affirmative defense; in the latter situation, it is error to accept the guilty plea".

. . . .

> Thus, what must be decided in each case is whether the defendant understands what he is doing; and on review the appellate court will look to the colloquy to determine whether he did.

*Commonwealth v. Shank,* 224 Pa.Super. 484, 486–487, 306 A.2d 925, 926–927 (1973) (en banc). Thus,

when a guilty plea is accompanied by the assertion of facts which make out a defense to the crimes charged, the plea may not be accepted unless the discrepancy is resolved. The defendant must be aware, and the record must show that he is aware, that his defense cannot be considered when he enters a guilty plea. The record must affirmatively demonstrate that he knows that by pleading guilty he waives the opportunity to assert facts which may establish the defense....

*Commonwealth v. Rodgers*, 465 Pa. 379, 383, 350 A.2d 815, 818 (1976).

█ In the instant case, appellant entered a plea of guilty to aggravated assault, as defined at 18 Pa.C.S. § 2702(a)(2), which then provided as follows:

> **(a) Offense defined.**—A person is guilty of aggravated assault if he:
>
> . . . .
>
> (2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a police officer making or attempting to make a lawful arrest....

18 Pa.C.S. § 2702(a)(2).[3] Because the charge of aggravated assault to which appellant pleaded guilty was based upon his attempt to cause serious bodily injury to a police officer, rather than the actual causing of such injury, the offense was a specific intent crime. See: *Commonwealth v. Flemings*, 421 Pa.Super. 110, 117, 617 A.2d 749, 752 (1992) ("Attempted aggravated assault is a specific intent crime."). See also: *Commonwealth v. Everett*, 408 Pa.Super. 166, 169, 596 A.2d

---

3. 18 Pa.C.S. § 2702(a)(2) has since been amended and now provides, in pertinent part, as follows:

> **(a) Offense defined.**—A person is guilty of aggravated assault if he:
>
> . . . .
>
> (2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a police officer ... in the performance of duty....

At the time appellant pleaded guilty to this offense it was graded as a felony of the second degree. The offense is currently graded as a felony of the first degree.

244, 245 (1991); *Commonwealth v. Anthony,* 376 Pa.Super. 623, 630, 546 A.2d 1122, 1126 (1988). Therefore, in order for a factual basis to have been established to support appellant's guilty plea to the charge of aggravated assault, it was necessary for the Commonwealth to establish that appellant intended to cause serious bodily injury to the police officer who was attempting to place him under arrest.

At appellant's guilty plea hearing it was stipulated by and between counsel that the affidavit of probable cause, which was contained in the criminal complaint filed against appellant, would serve as the factual basis for the pleas of guilty. The affidavit of probable cause provided, in pertinent part, as follows:

> Police responded to 1703 Liberty Rd. Bromley residence for two subjects kicking in the rear door and one subject armed with a knife. Upon Officer Palo's arrival he was informed that Barry Fluharty and another subject had come to the Bromley house and Fluharty had a knife and they stated they were going to kill Mrs. Bromley. They went to the rear door where they tried to force their way into the Bromley home. When they discovered the door was locked they attempted to kick it in. Mrs. Bromley stated that Fluharty was in the rear of the property. Palo went to the rear and observed Fluharty and told him to halt. With this Fluharty started to run west in the parking lot of the mainteance [sic] shed on Constitution Ave. with Palo in pursuit. Fluharty then hid behind a tree and Palo told him to come out from behind the tree with his hands up. Fluharty then started to run west through the high rise apartment complex parking lot. When Fluharty reached the middle of the parking lot he stopped, turned toward Palo and pulled out a handgun. Palo then fired at Fluharty and Fluharty dropped the gun and fled west onto Constitution Ave. Palo continued to pursue Fluharty to the construction site along MacDade Blvd. where Fluharty had run down an embankment and at the bottom of the embankment he stopped and turned toward Palo and reached into his waist band. Palo told him to put his hands in the air and

Fluharty refused to do so and Palo fired striking Fluharty in the leg area. Palo then went to Fluharty who had fallen to the ground and Fluharty jumped up and started to fight with Palo. Sgt. McNichol arrived and both officers had to subdue and handcuff Fluharty.

Thereafter, the following exchange took place between the trial court and appellant as a part of the colloquy:

BY THE COURT:

Q. Barry, when you were arrested, you got a copy of the criminal Complaint which had on it the Affidavit of Probable Cause, in essence a statement of what the police officer said. Do you remember that?

. A. Yes, I do.

Q. Okay, Now Mr. DiMatteo has agreed with Mr. Goldstein that those facts may be considered a part of the factual basis for this plea with the additions that he's just mentioned. Is that agreeable to you?

A. In all honesty, all of the facts stated in that are not true. I realize what I've agreed to here and I intend to agree to that but I can't sit here in all honesty and say that I willfully tried to harm that police officer cause I did not.

Q. Do you agree that if the officer came here and testified, all right?

A. Yes.

Q. That that's what he would say?

A. Yes. Yes, he would.

Q. All right. And I trust that what you're not admitting to here today is your state of mind, is that right? Namely an intent to injure him?

A. Yes.

Q. But you do admit the rest?

A. Yes. That's right.

Q. And of course, a jury could infer from that evidence, what your state of mind was, do you understand that?

A. Yes.

Q. Okay. And you are satisfied that this is what Officer Palo would say if he testified?

A. Yes. I'm sure he would.

Q. All right.

\* \* \* \* \* \*

THE COURT:

Is that satisfactory to you, sir?

MR. GOLDSTEIN [Assistant District Attorney]:

Yes, sir.

MR. DIMATTEO [Defense Counsel]:

Yes, sir.

THE COURT:

All right.

N.T. February 4, 1987 at pp. 14–15.

After careful review, we are satisfied that appellant's denial that he intended to injure the police officer did not render his plea of guilty invalid. Although he denied that he had intended to injure the officer, appellant also said that he understood what he was agreeing to by pleading guilty and intended to be bound by that agreement. Appellant also conceded that a jury could infer the necessary intent from the testimony that would be given by the officer if he went to trial. Appellant was fully informed of and indicated that he understood the elements of the offenses, the potential penalties therefor, and the rights he would be surrendering by pleading guilty. Our review of the record of the extensive guilty plea colloquy, both written and oral, leads us to conclude that appellant's decision to plead guilty was a knowing and voluntary one, made with full appreciation of the consequences thereof. Therefore, we reject appellant's argument that his failure to admit all elements of the charge of aggravated assault rendered his plea of guilty to that charge unknowing and invalid.

■ Appellant has also argued that the affidavit of probable cause, which served as the factual basis for his pleas, was insufficient to establish that he committed the crime of aggra-

vated assault. Specifically he contends that the allegations in the affidavit that he "pulled out a handgun," "reached into his waist band," and that he "jumped up and started to fight with" the officer, did not establish that he intended to cause serious bodily injury to the police officer who was attempting to arrest him. In support of this contention, appellant relies upon cases which have held that the mere pointing of a gun at another person does not constitute an aggravated assault, but, rather, simple assault as an attempt to put another in fear of serious bodily injury by physical menace. See: *Commonwealth v. Savage*, 275 Pa.Super. 96, 102–103, 418 A.2d 629, 632 (1980). See also: *Commonwealth v. Paige*, 287 Pa.Super. 133, 140, 429 A.2d 1135, 1139 (1981); *Commonwealth v. Bryant*, 282 Pa.Super. 600, 606–608, 423 A.2d 407, 410–411 (1980). Compare: *Commonwealth v. Sanders*, 426 Pa.Super. 362, 369–370, 627 A.2d 183, 186–187 (1993); *Commonwealth v. Chance*, 312 Pa.Super. 435, 442–443, 458 A.2d 1371, 1374–1375 (1983). Therefore, appellant asserts, he was permitted by the trial court to plead guilty to a crime which he did not commit and that his counsel was ineffective for advising him to enter the plea.

We reject this argument and agree with the trial court that the affidavit of probable cause stated an adequate basis on which to base a plea of guilty to aggravated assault on a police officer. Whatever may have been hidden within the recesses of appellant's mind, the objective facts and circumstances were sufficient to permit a fact finder to infer an intent to inflict serious injury on the police officer. Moreover, counsel's advice to enter a plea of guilty was eminently reasonable. Both appellant and counsel were aware that Officer Palo had given a more detailed description of events during his testimony at appellant's preliminary hearing. There, Palo had testified that in response to his commands that appellant halt and put his hands up, appellant turned to face the officer, drew a loaded gun and pointed it directly at the officer. It was only when the officer fired first that appellant dropped his gun and continued to flee. Under these circumstances, it could have been inferred that appellant intended to do more than merely threaten the officer with serious bodily injury and had been

prevented from shooting Palo only because Palo had been able to fire his gun first. Cf. *Commonwealth v. Sanders, supra.* Thus, even if appellant believed he would not have shot the police officer, his counsel could reasonably conclude that, had appellant gone to trial, the Commonwealth would have been able to prove beyond a reasonable doubt that he was guilty of aggravated assault. This was confirmed by his subsequent fight with Palo who was attempting to place him under arrest.

Where counsel is able to negotiate a favorable plea bargain, and where the defendant understands the bargain and is satisfied with and accepts it rather than go to trial, the decision by counsel not to object to a defective guilty plea colloquy will be deemed a reasonable one. Under such cir-cumstances, counsel will not be found to have been ineffective. See: *Commonwealth v. Johnson,* 355 Pa.Super. 123, 137–139, 512 A.2d 1242, 1249–1250 (1986); *Commonwealth v. Burno,* 310 Pa.Super. 564, 456 A.2d 1080 (1983); *Commonwealth v. Weiss,* 289 Pa.Super. 1, 432 A.2d 1020 (1981). See also: *Commonwealth v. Newell,* 486 Pa. 474, 406 A.2d 733 (1979).

Instantly, in exchange for pleas of guilty to charges of aggravated assault and carrying a firearm without a license, it was agreed that appellant would receive concurrent sentences for his crimes.[4] It was also agreed that the Commonwealth would nolle pros additional charges of recklessly endangering another person, making terroristic threats, possessing an in-strument of crime, former convict not to own a firearm, resisting arrest and criminal conspiracy. Had appellant elect-ed to go to trial under these circumstances, he faced a substantially longer term of imprisonment, if convicted, than he received as a result of the guilty pleas which he entered. Indeed, even appellant conceded at the P.C.R.A. hearing that his principal reason for pleading guilty was because he was worried about receiving a longer sentence if he went to trial and was found guilty. The record of the guilty plea colloquy establishes that appellant fully understood the bargain which

---

4. In fact, the sentences received by appellant were at the low end of the mitigated range of the Sentencing Guidelines.

counsel negotiated with the Commonwealth and that he was satisfied to accept it.[5] Under these circumstances, we agree with the P.C.R.A. court that counsel was not ineffective for advising appellant to enter the guilty plea. Appellant received the benefit of a favorable plea bargain negotiated by counsel and knowingly and voluntarily decided to accept that bargain.

The order denying appellant's petition for post-conviction relief is

AFFIRMED.

---

**5.** It would appear that appellant was satisfied with his decision to plead guilty for more than four years, for he did not file his P.C.R.A. petition until March 13, 1991, only months before a civil lawsuit, which he had filed in connection with his being shot by Officer Palo, was scheduled for trial.