

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-8-2005

# Wolfe v. Frank

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4003

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Wolfe v. Frank" (2005). *2005 Decisions.* Paper 726.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/726

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-4003

ARTHUR LEROY WOLFE, III,

Appellant

v.

FREDERICK FRANK;
ATTORNEY GENERAL OF THE
STATE OF PENNSYLVANIA

ON APPEAL FROM AN ORDER OF THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(Dist. Court No. 99-cv-00456)
District Court Judge: A. Richard Caputo

Submitted Under Third Circuit LAR 34.1(a)
July 12, 2005

Before: ALITO, BECKER, and GREENBERG, Circuit Judges

OPINION

(Filed: August 8, 2005)

PER CURIAM:

Arthur Wolfe appeals from the order of the United States District Court for the Middle District of Pennsylvania denying his motion for writ of habeas corpus under 28 U.S.C. § 2254. We affirm. Because we write only for the parties, we do not recite the facts in detail.

On April 22, 1986, Wolfe pled guilty to murder, robbery, and conspiracy in the Cumberland County Court of Common Pleas.[1] That same day, the Court held a hearing to determine Wolfe's level of guilt on the murder charge. Two weeks later, it convicted him of second degree murder. Wolfe was sentenced to life imprisonment for the murder charge and an additional one to ten years for conspiracy.

In 1991, Wolfe filed a petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), challenging his conviction on three grounds. He argued that: 1) his guilty plea was not voluntary because he did not understand the nature of the charges against him; 2) his conviction was invalid because it was based on material misrepresentations of fact by police witnesses during the colloquy; and 3) his counsel was ineffective in failing to assert a duress defense rather than recommending a guilty plea. The PCRA court denied his petition, and the Superior Court affirmed. In 2002, the District Court also denied Wolfe's petition, holding that the state courts did not contravene or unreasonably apply

---

[1]The robbery charge was eventually vacated on collateral review because it should have merged with the murder charge under the felony murder doctrine.

clearly established federal law.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Wolfe's habeas petition must be denied unless the state courts' decisions "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 384-90 (2000). State court findings of fact are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Wolfe first argues that his plea colloquy was tainted because it did not include an adequate explanation of the element of intent for second degree murder. Both state courts held that, considering the totality of the circumstances, the elements of each crime were explained in sufficient detail for Wolfe to knowingly, voluntarily, and willingly plead guilty. See Commonwealth v. Shaffer, 446 A.2d 591 (Pa. 1982). The District Court found that "sufficient evidence exists to justify the state courts' conclusion." App. 8. We agree. In particular, as the PCRA court found, the intent element "was covered in Detective Dougherty's account of how the . . . robbery and murder occurred. [Wolfe] was advised that the facts as recited by Detective Dougherty constituted crimes and that if those were true, a jury could find [Wolfe] guilty of those crimes. Accordingly, [Wolfe]

3

understood the nature of the charges and what the plea connoted and its consequences." App. 234; see also App. 273 ("The court repeatedly asked Wolfe if the detective's recitation of the facts as he understood them was accurate, and Wolfe repeatedly answered 'yes.'"). This holding was in accord with Pennsylvania law,[2] and Wolfe points to no decisions demonstrating that it offends federal law as required by AEDPA.

Next, Wolfe contends that his conviction was based on material misrepresentations of fact by Detective Dougherty during the plea colloquy. Wolfe admitted before the District Court that the alleged misrepresentations were not "per se" false, see App. 8-9, so his claim is actually that the Detective emphasized certain facts, while omitting or downplaying others. This claim lacks merit. In addition to repeatedly asking Wolfe if Detective Dougherty's statements were true, the Court of Common Pleas asked if Detective Dougherty's story was "what happened in this case." App. 7-8. The colloquy therefore addressed not just the veracity of the Detective's statements, but also the possibility that he may have left something out. Wolfe had the opportunity to supplement the record at that time, but he chose not to do so.

Finally, Wolfe claims that he was denied the effective assistance of counsel

---

[2]See Commonwealth v. Fluharty, 632 A.2d 312, 315 (Pa. Super. Ct. 1993) ("Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.").

because his lawyer failed to recognize and advise him of a duress defense.[3]  All three courts rejected this argument, albeit on different grounds.  The state courts held that a duress defense would have been unavailable because Wolfe did not fear Robinson, and because "Wolfe's version of the events surrounding the evening in question is replete with intentionally ignored opportunities for Wolfe to extricate himself from an evening doomed from the start."  App. 276-79.  The District Court concluded that a duress defense would have been available, but denied relief because Wolfe pled guilty as "an equal and willing participant in the robbery who helped formulate the plan."  App. 12.

Under AEDPA's strictly limited standards of judicial review, we cannot overturn the findings of the state court on this record.  The state courts relate the facts leading up to the robbery and murder in significant detail, and Wolfe has not come forward with clear and convincing evidence to rebut the presumption that these findings were correct.  Accordingly, we hold that state courts' decisions were not based on an unreasonable determination of the facts in light of the evidence presented.

We therefore affirm the order of the District Court.

---

[3]To prevail on a duress defense, a defendant must prove three elements: 1) an immediate or imminent threat of death or serious bodily injury; 2) a well grounded or reasonable fear that the threat will be carried out; and 3) no reasonable opportunity to escape the threat and harm except by committing a criminal act.  Commonwealth v. Morningwake, 595 A.2d 158, 164 (Pa. Super. Ct. 1991).