**Commonwealth v. Fanelli**

*Patricia Coonahan, assistant district attorney,* for Commonwealth.

*Henry Hilles,* for defendant.

HODGSON, *P.J.,* December 13, 2007—Appellant, James Patrick Fanelli appeals to the Superior Court from our order dated October 10, 2007, dismissing his Post Conviction Relief Act petition (PCRA).

## FACTS AND PROCEDURAL HISTORY

On October 26, 2006, appellant pled guilty to a charge of possession with intent to deliver controlled substances. In connection with his plea, appellant initialed and signed a guilty plea colloquy in which he indicated he understood the nature of the crime charged against him, the potential sentence it carried and the rights he was forfeiting by pleading guilty, including his right to a trial by jury. Appellant further testified under oath in court that he committed the crime charged and that no one forced, threatened or coerced him into admitting guilt and that he was doing so of his own free will. As a result, appellant was sentenced to a term of three to six years imprisonment, five years probation and a fine of $1,000. Thereafter, appellant filed a motion on April 9, 2007 entitled

"motion for modification or reduction of sentence", which was ultimately denied. Appellant then filed a pro se PCRA petition and as a result, counsel was appointed to represent him.[1] A hearing was held on October 3, 2007 to determine the merit of appellant's petition, which we later denied on October 10, 2007. Appellant appealed our decision on November 8, 2007. In accordance with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, we directed appellant to file a concise statement of matters complained of no later than November 27, 2007. Said statement was filed on that date.

## LEGAL DISCUSSION

Appellant argues that this court erred in denying him relief under the PCRA after testimony adduced during the October 3, 2007 hearing raised questions regarding whether he originally entered into a guilty plea that was knowing, intelligent and voluntary. Appellant maintains his guilty plea was unlawful because it was entered only to avoid a potentially greater sentence of imprisonment. Appellant also claims that his plea was invalid because he did not realize the viability of his defense which would have involved his girlfriend Shannon Kowalski's witness testimony that she owned the controlled substances discovered in appellant's home.

Under Pennsylvania law, a petitioner is entitled to post conviction relief if he pleads and proves by a preponder-

---

1. Appellant simultaneously appealed this court's denial of his "motion for modification or reduction of sentence" and filed his pro se PCRA petition. Appointed counsel then amended said petition and discontinued appellant's appeal, upon his request.

ance of the evidence that he has been convicted of a crime and the conviction or sentence is the result of "a plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. §9543(2)(iii). When a court accepts a guilty plea, it is necessary that an on-the-record colloquy be conducted, during which the following queries must be addressed:

"(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?

"(2) Is there a factual basis for the plea?

"(3) Does the defendant understand that he or she has the right to trial by jury?

"(4) Does the defendant understand that he or she is presumed innocent until found guilty?

"(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

"(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?" *Commonwealth v. Rush,* 909 A.2d 805, 808-809 (Pa. Super. 2006).

To be valid, the guilty plea colloquy must affirmatively establish that the defendant understands the nature of his plea and its consequences. To determine this, the totality of the circumstances surrounding the plea must be considered. In conducting such analysis, the trial court is free to evaluate a "wide array of relevant evidence under this standard in order to determine the validity of

a claim and plea agreement including, but not limited to, transcripts from other proceedings, off-the-record communications with counsel, and written plea agreements." *Commonwealth v. Allen,* 557 Pa. 135, 147, 732 A.2d 582, 589 (1999).

A review of the surrounding circumstances of appellant's plea indicates that it was knowingly, intelligently and voluntarily entered. When appellant pled guilty, he stated under oath that he committed the crime of possession of various controlled substances with intent to deliver or sell them. He further testified that no one forced, threatened, or coerced him into pleading and that he was doing so of his own free will. Appellant also expressed that he understood that by pleading guilty, he was giving up his right to a trial by jury and that he was aware of the range of sentences for the crime charged.

Although appellant maintains that he was coerced into pleading guilty to avoid a potentially greater sentence of imprisonment, this is insufficient to render appellant's guilty plea invalid. A guilty plea may be knowingly and voluntarily entered as a matter of strategy or expedience. *Commonwealth v. Blackwell,* 436 Pa. Super. 294, 308, 647 A.2d 915, 922 (1994). The reasons why a defendant pleads guilty are not of importance as long as the plea is voluntary. *Id.* at 310, 647 A.2d at 923 (citing *Commonwealth v. Fluharty,* 429 Pa. Super. 213, 632 A.2d 312 (1993)). In the instant case, appellant was free to reject the terms of his negotiated plea and proceed to trial. The fact that he chose to plead guilty and receive a lesser sentence rather than stand trial and risk a greater prison term can only be viewed as a strategic decision and not a factor of coercion.

Appellant also claims that he involuntarily pled guilty as a result of his trial counsel's ineffectiveness in advising him that Kowalski would not be a credible witness. We also find that this does not invalidate appellant's guilty plea. The Pennsylvania Supreme Court has held that "counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth v. Fields,* 463 Pa. 244, 248, 344 A.2d 814, 815 (1975). (emphasis in original) In the instant case, appellant's attorney informed him that the decision to plead guilty or proceed to trial was appellant's. However, he advised him that if appellant stood trial, it would be difficult to obtain an acquittal since Kowalski's testimony may be insufficient to completely exonerate him and acknowledged that the Commonwealth could attack her credibility by exposing her drug problem to the jury. (N.T., October 3, 2007 at pp. 58-59.) Moreover, even if the jury did believe Kowalski, the Commonwealth could argue that appellant should be found guilty based on the legal assumption that the controlled substances were found in a house he owned. (N.T., October 3, 2007 at p. 53.) After reviewing appellant's trial counsel's testimony, we find it to be credible and conclude that his assistance and representation of appellant was not ineffective. Counsel's advice was reasonable and ensured that appellant was aware of the potential challenges he may face by standing trial. On this basis, we find that appellant's guilty plea was knowingly, intelligently and voluntarily entered and his argument necessarily fails.

## CONCLUSION

Based on the forgoing, the undersigned respectfully requests that the court's dismissal of appellant's PCRA petition be affirmed.