J-S83041-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, :    IN THE SUPERIOR COURT OF
                                            :           PENNSYLVANIA
             Appellee           :
                                              :
                 v.                    :
                                              :
JEFFREY A. THOMAS,            :
                                              :
            Appellant         :    No. 735 WDA 2016

Appeal from the Judgment of Sentence January 12, 2015
in the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000240-2014

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, AND STRASSBURGER,[*] JJ.

MEMORANDUM BY STRASSBURGER, J.:       **FILED JANUARY 03, 2017**

Jeffrey A. Thomas (Appellant) appeals *nunc pro tunc* from the judgment of sentence entered January 12, 2015.  Appellant challenges the denial of his post-sentence motion to withdraw his guilty plea.  After careful review, we affirm.

We summarize the pertinent factual and procedural history as follows.  Appellant was charged with theft from a motor vehicle, defiant trespass, and driving under suspension- DUI related, stemming from an incident that occurred on February 5, 2014.  Appellant entered a guilty plea on September 8, 2014, wherein he pled guilty to driving while operating privileges suspended DUI related.  In exchange, the Commonwealth agreed to *nolle prosse* the remaining charges.  After entering the plea but prior to

---

[*] Retired Senior Judge assigned to the Superior Court.

sentencing, Appellant filed a motion to withdraw his plea, which was granted by the trial court on November 5, 2014.

When appearing for trial on January 12, 2015, Appellant informed the trial court that he intended to plead guilty. However, Appellant was informed that, pursuant to a Crawford County local rule 552,[1] he would be required to plead guilty to all charges. Appellant opted to plead guilty. On that same day, Appellant was sentenced. No direct appeal was filed.

On August 24, 2015 Appellant filed a timely Post-Conviction Relief Act (PCRA) petition seeking to reinstate his right to file post-sentence motions *nunc pro tunc*. The trial court granted Appellant's request on February 1, 2016. On February 11, 2016, Appellant filed a motion seeking to withdraw his guilty plea. Following a hearing, the trial court denied Appellant's request. This timely-filed appeal followed.[2]

---

[1] Specifically, local rule 552(4) states: "The Thursday prior to the commencement of trials for a criminal trial term is the last day the [trial court] will accept negotiated pleas (plea bargains) and jury trial waivers unless a judge of [] determines there was extraordinary cause for the deadline to be missed. For the purpose of this rule, a "negotiated plea" or "plea bargain" shall include any agreement between the parties that will result in the Commonwealth dismissing one or more charges and/or reducing the grading of one or more charges and/or making a sentencing recommendation favorable in any way to the defendant."

[2] Appellant did not file timely a Rule 1925(b) statement. In general, issues raised in an untimely-filed Pa.R.A.P. 1925(b) statement are waived. **See Commonwealth v. Gravely**, 970 A.2d 1137, 1142 (Pa. 2009) ("[I]t is clear that an untimely Statement results in waiver of appellate review, regardless of the treatment the trial court affords the matter."). Appellant's counsel avers that he did not receive an order from the trial court requiring him to file a 1925(b) statement. **See** Appellant's Concise Statement of Errors

Appellant raises the following issue on appeal: "Did the trial court abuse its [discretion] by denying Appellant['s] motion to withdraw [his] guilty plea?" Appellant's Brief at 4 (unnecessary capitalization omitted).

Our review of a denial of a post-sentence motion to withdraw a guilty plea is well-settled.

> A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea.

**Commonwealth v. Broaden**, 980 A.2d 124, 129 (Pa. Super. 2009) (citations omitted and quotation marks omitted).

> "Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered." **Commonwealth v. Pollard**, 832 A.2d 517, 522 (Pa. Super. 2003). In **Commonwealth v. Fluharty**, [632 A.2d 312 (Pa. Super. 1993)], we set forth guidelines to determine the validity of a guilty plea:
>
>> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. [A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

---

Complained of on Appeal *Nunc Pro Tunc*. Because the docket sheet does not indicate if or when the order was served on Appellant's counsel, we decline to find waiver.

*Id.* at 314 (quotation marks and citations omitted). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Pollard*, 832 A.2d at 523 (citations omitted). "[W]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established." *Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001).

*Commonwealth v. Rush*, 909 A.2d 805, 808 (Pa. Super. 2006).

Here, Appellant argues that the trial court's denial of his motion to withdraw his guilty plea resulted in manifest injustice. Appellant's Brief at 9. Specifically, Appellant avers he was unaware of the fact that his decision to enter into a guilty plea the day of trial meant that he was required to plead guilty to all charged crimes, and the Commonwealth would not extend him the same offer that was initially accepted. *Id.* at 7-8. Appellant contends the guilty plea and sentencing transcript "makes it painfully clear that counsel and [Appellant] were both surprised by the plea required." *Id*. at 6.

In response, the trial court offered the following analysis.[3]

> At the time set for trial on January 12, 2015 [Appellant] appeared with new counsel at this docket number and his prior counsel at this docket number [was] still representing him [in another case.]
>
> At that time we were advised by [Appellant's] counsel at this docket number that [Appellant] intended to enter guilty pleas to all three counts since no plea offer was being made by

---

[3] Due to the late filing of Appellant's 1925(b) statement, the trial court issued an order referring this Court to its memorandum filed in conjunction with its order denying Appellant's request to withdraw his plea.

the Commonwealth in light of the fact [that Appellant] had previously withdrawn his guilty plea to the summary offense and that upon the pleas being entered [Appellant] would be sentenced the same day.

The plea and sentence colloquy that began at 10:50 a.m. on January 12, 2015 and ultimately ended at 12:35 p.m. on that same day, reflected some confusion [on the part of both Appellant] and his counsel and reflected the desire by [Appellant] to speak to his other attorney.

The record reflects that the [trial court] adjourned at 11:00 a.m. to give [Appellant] an opportunity to [speak with his other attorney] and when [court] reconvened at noon[, Appellant's] plea to all three counts proceeded[.]

The record reflects that the [Appellant] understood what he would be pleading to and that he had watched the standard video plea colloquy used in Crawford County to explain basic rights to [Appellant[4]]. He clearly indicated that he had heard all of it, understood it and did not have any questions about his basic rights.

* * *

Here, based on his own responses in the plea colloquy, there is nothing to indicate that [Appellant's] plea was entered into involuntarily, unknowingly or unintelligently and therefore he was not prejudiced[.]

Trial Court Memorandum and Order, 4/27/2016, at 1-4.

---

[4] The Commonwealth explained that

[i]n Crawford County, each Judge recorded a video going over a [d]efendant's rights in regards to going to trial and how those rights are waived by entering a plea. In this case, while Appellant was in front of Judge Vardaro for proceedings, the Honorable Mark D. Stevens' plea video was shown to Appellant in Judge Stevens' [courtroom] as he was also taking pleas that afternoon on other cases.

Commonwealth's Brief at 7.

Based upon our review of the record and the trial court's findings, we conclude that the evidence does not support Appellant's contention that his guilty plea was unknowingly entered. The fact that when appearing to plead guilty he was made aware for the first time of Crawford County's local rule requiring a defendant to plead to all charged crimes when entering into a guilty plea the day of trial[5] is of no moment, as the record shows that Appellant was made aware of the local rule **prior** to the entry of his guilty plea. Appellant's contention that his plea was involuntary because he was "surprised," "bewildered," and "dumb stuck [*sic*]," Appellant's Brief at 6-8, ignores the fact that he was provided ample opportunity to consider the plea he would be required to enter if he chose to plead guilty and speak with his attorneys[6] prior to moving forward. N.T., 1/12/2015, at 7-10. Moreover, Appellant was made aware that he was under no obligation to plead guilty. *Id.* at 7. Appellant declined the option to proceed to trial, and after a thorough colloquy, Appellant's plea was accepted. *Id.* 9-17.

Furthermore, the record reflects that Appellant understood the nature of the charges and the facts as recited by the trial court; was satisfied with Attorney Weinberg's representation; and relayed to the trial court that he

---

[5] Because the issue has not been raised, we express no view as to the validity of the local rule.

[6] Appellant was represented by Jeffrey Weinberg, Esquire at his guilty plea and sentencing. At that time, Appellant was also represented by Isaac Pineo, Esquire, in a separate case. Upon his request, prior to the entry of his plea, Appellant was provided the opportunity to speak with Attorney Pineo.

was not coerced, forced, or promised anything in exchange for pleading guilty. *Id.* "A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled." ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012). ***See also Pollard***, 832 A.2d at 523 (citation omitted) ("The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.").

In light of the foregoing, we find the trial court did not err in denying Appellant's motion to withdraw his guilty plea. Accordingly, his claim fails.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/2017