J-S37023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID SPERRY, | : | |
| | : | |
| Appellant. | : | No. 1096 EDA 2018 |

Appeal from the PCRA Order, March 23, 2018,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s): CP-23-CR-0005208-2013.

BEFORE: BOWES, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.: **FILED OCTOBER 16, 2019**

David Sperry appeals from the order denying his first petition for relief
pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-
9546. We affirm.

The pertinent facts and procedural history are as follows: The
Commonwealth originally charged Sperry at three separate dockets with over
forty-four counts of various sexual offenses committed against several male
minors. On December 30, 2013, he entered a negotiated plea at No. CP-23-
CR-0005208-2013, to one count of involuntary deviate sexual intercourse, two
counts of unlawful contact with a minor, and four counts of corruption of
minors. By agreement of the parties, the Commonwealth amended the
criminal information at No. CP-23-CR-0005208-2013 to reflect the names of
the victims, and the Commonwealth withdrew all of the charges at the other

two dockets. On March 31, 2014, the trial court imposed the negotiated aggregate sentence of twelve to twenty-four years of imprisonment and a consecutive ten-year probationary term.

Sperry did not file a post-sentence motion or a direct appeal. On May 29, 2015, Sperry filed a timely, counseled PCRA petition. The Commonwealth filed an answer, and Sperry filed an amended petition. The PCRA court held an evidentiary hearing on November 17, 2015, at which both Sperry and trial counsel testified. The PCRA court granted the parties time to file briefs supporting their positions. By order entered March 23, 2018, the PCRA court denied Sperry's amended PCRA petition. This timely appeal followed. Both Sperry and the PCRA court have complied with Pa.R.A.P. 1925.

Sperry raises the following issues:

I.   Whether the [PCRA court] erred by denying [Sperry's PCRA petition]:

A. Where trial counsel failed to inform [Sperry] of the applicability of ***Alleyne v. United States***, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (June 17, 2013) to his [case] prior to counseling a negotiated plea?

B. Where the guilty plea was deficient because there was no factual basis adduced of record to substantiate [Sperry's] knowing, intelligent, and voluntary plea pursuant to Pa.R.Crim.P. 590?

Sperry's Brief at 9 (bullet points omitted).

Our scope and standard of review is well settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the

- 2 -

PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

When the PCRA court has dismissed a petitioner's PCRA petition without an evidentiary hearing, we review the PCRA court's decision for an abuse of discretion. ***Commonwealth v. Roney***, 79 A.2d 595, 604 (Pa. 2013). The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. ***Id.*** To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014).

Both of Sperry's claims allege the ineffective assistance of trial counsel.[1] To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

---

[1] Although Sperry phrased his second issue as a direct challenge to an alleged deficiency in his guilty plea, Sperry's supporting argument of this issue involves the alleged ineffective assistance of counsel. Thus, we will consider this claim accordingly.

*Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. *Id.* at 533.

As to the first prong, "[a] claim has arguable merit where the factual averments, if accurate, could establish cause for relief." *Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*). "Whether the facts rise to the level of arguable merit is a legal determination.'" *Id.* (citing *Commonwealth v. Saranchak*, 866 A.2d 292, 304 n.14 (Pa. 2005).

As to the second prong of this test, trial counsel's strategic decisions cannot be the subject of a finding of ineffectiveness if the decision to follow a particular course of action was reasonably based and was not the result of sloth or ignorance of available alternatives. *Commonwealth v. Collins*, 545 A.2d 882, 886 (Pa. 1988). Counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Ervin*, 766 A.2d 859, 862-63 (Pa. Super. 2000) (citation omitted).

As to the third prong of the test for ineffectiveness, "[p]rejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Stewart*, 84 A.3d at 707. "A reasonable probability 'is a probability sufficient to undermine

confidence in the outcome.'" *Id.* (quoting *Commonwealth v. Rathfon*, 899 A.2d 365, 370 (Pa. Super. 2006).

Finally, when considering an ineffective assistance of counsel claim, the PCRA court "is not required to analyze these [prongs] in any particular order of priority; instead if a claim fails under any necessary [prong] of the ineffectiveness test, the court may proceed to that [prong] first." *Commonwealth v. Tharp*, 101 A.3d 736, 747 (Pa. 2014) (citations omitted). In particular, when it is clear that the petitioner has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995).

Sperry inappropriately raises his initial issue for the first time on appeal. *See* Pa.R.A.P. 302(a). Sperry did not raise the applicability of *Alleyne* regarding trial counsel's advice to plead guilty in his amended PCRA petition. Moreover, trial counsel was not asked about *Alleyne* during the evidentiary hearing on that petition. Rather, Sperry raised this claim for the first time in his amended Rule 1925(b) statement after he appealed the PCRA court's dismissal of his petition. Thus, Sperry's first issue is waived. *See Commonwealth v. Watson*, 835 A.2d 786, 791 (Pa. Super. 2003) (citation omitted) (explaining, "[a] party cannot rectify the failure to preserve an issue by proffering it in response to a Pa.R.Crim.P. 1925(b) order").

In his second claim, Sperry asserts that trial counsel was ineffective for failing to ensure that the Commonwealth provided a factual basis for his guilty plea. According to Sperry, "[a]lthough [he] agreed during the [oral] colloquy that he understood the elements of the crimes charged, the record is clear that he did not understand which underlying facts which were being applied to each count of [sic] conviction." Sperry's Brief at 16. Sperry further contends he "did not know which crimes applied to which victim under which circumstances." *Id.*

With regard to the procedure followed regarding the entry of a guilty plea, this Court has stated:

> Pennsylvania has constructed its guilty plea procedures in a way designed to guarantee assurance that guilty pleas are voluntarily and understandingly tendered. The entry of a guilty plea is a protracted and comprehensive proceeding wherein the court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly entered.

*Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa. Super. 2011) (quoting *Commonwealth v. Fluharty*, 632 A.2d 312, 314 (Pa. Super. 1993)).

Rule 590(A)(1) of the Pennsylvania Rules of Criminal Procedure requires that a guilty plea be taken in open court. Regarding plea agreements, Rule 590(B) requires the trial court to "conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of

*nolo contendere* is based." Pa.R.Crim.P. 590(B)(2). As noted in the Comment to Rule 590, at a minimum the trial court should ask questions to elicit the following information:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment.

On appeal, this Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by looking at the totality of the circumstances. **Yeomans**, 24 A.3d at 1047 (citation omitted). "Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." **Id.** Under Pennsylvania law, a reviewing court is free to consider a wide array of relevant evidence in addition to the transcript of the actual plea colloquy, under the totality-of-the-circumstances standard, to

determine the validity of a claim and plea agreement, including, but not limited to transcripts from other proceedings, off-the-record communications with counsel, and written plea agreements. **Commonwealth v. Allen**, 732 A.2d 582, 589 (Pa. 1999).

As noted above, Sperry asserts that his trial counsel was ineffective for failing to ensure that his oral colloquy included a factual basis for his plea. The PCRA court found no merit to this claim. In its Rule 1925(a) opinion, the court discussed in detail the statements made or endorsed by Sperry in the oral and written colloquies. **See** PCRA Court Opinion, 10/25/18, at 7-13. The court then concluded:

> Under the totality of the circumstances herein present [Sperry] cannot credibly contend that he was unaware of either the charges or factual basis upon which the charges for which he was convicted were based.
>
> The record including the various colloquies that [Sperry] signed and initialed repeatedly reference the "charges" and "facts" of the case. Additionally, the crimes are specifically identified along with their maximum penalties in those documents and on the record. The plea demonstrates unequivocally that the circumstances surrounding the entry of the plea disclose that [Sperry] had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.
>
> Importantly, this was a negotiated plea where [Sperry] specifically agreed to plead guilty to certain crimes in exchange for a specific sentence which he was given as well as the dismissal of multiple other charges and cases. Again, this Court cannot accept [] the proposition that [Sperry] was unaware of the factual basis of the criminal charges against him in multiple cases involving the sexual molestation and assault and corruption of minors in circumstances where he participated in identifying the charges that he would plead

> guilty to and the sentence that would be imposed (negotiated guilty plea).

PCRA Court Opinion, 10/25/18, at 13-14 (citations omitted).

Our review of the record supports the PCRA court's conclusions. After trial counsel conducted the colloquy of Sperry regarding the crimes to which he was pleading guilty, the Commonwealth informed the court "the factual basis of the plea would be the combined affidavits in all three cases." N.T., 12/30/13, at 18. Sperry did not object to this statement. "Although [our Supreme] Court has stressed its preference for a dialogue in colloquies with meaningful participation by the defendant throughout, there is no set manner, and no fixed terms, by which [a] factual basis must be adduced." *Commonwealth v. Flanagan*, 854 A.2d 489, 500 (Pa. 2004). *See Fluharty*, 632 A.2d at 316 (allowing reference to the affidavit of probable cause as a substitute for a formal recitation of the factual basis for the plea).

Moreover, during his testimony at the evidentiary hearing, trial counsel testified on several occasions that he discussed with Sperry the facts for which he was entering guilty plea. *See* N.T., 11/17/15, at 88-99. Indeed, on cross-examination, trial counsel testified that "the day [Sperry] pled, I went over the fact to which he was pleading." *Id.* at 132. As a matter of credibility, the PCRA court believed trial counsel's version of the contested facts. We cannot disturb this determination. *See Commonwealth v. Harmon*, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's

determination of credibility is supported by the record, it cannot be disturbed on appeal).

Finally, Sperry's reliance upon **Flanagan**, **supra**, is misplaced, as the circumstances in that case are easily distinguishable. In **Flanagan**, our Supreme Court determined that, under the totality of the circumstances, Flanagan's guilty plea was invalid "by reason of both an absence of a contemporaneous record of the factual basis for the plea and the erroneous accomplice liability instruction." **Flanagan**, 854 A.2d at 500. Here, the Commonwealth referenced the affidavits as providing the factual basis for the guilty plea—facts to which Sperry stipulated. **See** N.T., 11/17/15 at 99-100; **Fluharty**, **supra**. In addition, while Sperry alleges that he was relying on a misstatement of law when entering his plea," Sperry's Brief at 21, he does not specifically identify the misstatement. Thus, the errors recognized by our Supreme Court in **Flanagan**, are not present in this case.

In sum, because Sperry's claims of ineffectiveness are waived or otherwise without merit, we affirm the PCRA court's order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/19