J-S18001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RICARDO BERNARD MCCLURE, JR. | : | |
| | : | |
| Appellant | : | No. 1583 MDA 2019 |

Appeal from the PCRA Order Entered September 10, 2019,
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005025-2017.

BEFORE:   KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JUNE 12, 2020**

Ricardo Bernard McClure, Jr, appeals from the order denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history are as follows: On December 10, 2018, McClure, then eighteen years of age, entered an open guilty plea to second-degree murder, robbery, and criminal conspiracy. These charges stem from an incident that occurred on or about August 16, 2017, at which time McClure, then sixteen years of age, and two co-defendants agreed to meet with the victim who was going to supply them with an ounce of marijuana in exchange for $230.00. McClure and his co-defendants did not have the money for the drugs, and they conspired to rob the victim. At some point during the

_____

[*] Former Justice specially assigned to the Superior Court.

exchange one of McClure's co-defendants shot the victim, who died as a result of his injuries.

On February 6, 2019, the trial court sentenced McClure, on his second-degree murder conviction, to 35 years to life in prison. The trial court imposed concurrent sentences for the other charges. The trial court denied McClure's motion to reconsider sentence. McClure did not file a direct appeal.

On July 15, 2019, McClure filed a counseled PCRA petition in which he claimed that plea counsel was ineffective for failing to advise him that he was facing a mandatory thirty-year sentence by pleading guilty to second-degree murder. The Commonwealth filed a response. On August 21, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intention to dismiss McClure's PCRA petition without a hearing. McClure filed a response. By order entered September 10, 2019, the PCRA court denied McClure's PCRA petition. This timely appeal followed. Both McClure and the PCRA court have complied with Pa.R.A.P. 1925.

McClure now raises the following issue:

1. **Denial of PCRA**. The [PCRA] court did not hold an evidentiary hearing on McClure's PCRA petition, where his attorney was ineffective in advising him as to the required mandatory minimum sentence and his attorney was ineffective for failing to request to withdraw his plea. Did the [PCRA] court err in not holding an evidentiary hearing and finding McClure's [plea counsel] ineffective?

McClure's Brief at 6.

Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015)

(citations omitted).

> When the PCRA court has dismissed a petitioner's PCRA petition without an evidentiary hearing, we review the PCRA court's decision for an abuse of discretion. *Commonwealth v. Roney*, 79 A.2d 595, 604 (Pa. 2013). The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. *Id.* To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014).

McClure's claims allege the ineffective assistance of plea counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's

performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.***

This Court has summarized the following regarding claims that the entry of a guilty plea was the result of ineffective assistance of counsel:

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance caused the defendant to enter an involuntary plea[.]

> We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

***Commonwealth v. Orlando***, 156 A.3d 1274, 1280 (Pa. Super. 2017) (citations omitted).

Regarding the validity of a guilty plea, this Court has explained:

> Pennsylvania has constructed its guilty plea procedures in a way designed to guarantee assurance that guilty pleas are voluntarily and understandingly tendered. The entry of a guilty plea is a protracted and comprehensive proceeding wherein the court is obliged to make a specific

- 4 -

> determination after extensive colloquy on the record that a
> plea is voluntarily and understandingly tendered.

**Commonwealth v. Yeomans**, 24 A.3d 1044, 1046 (Pa. Super. 2011) (citing

**Commonwealth v. Fluharty**, 632 A.2d 312, 314 (Pa. Super. 1993)).

In **Yeomans**, we further explained that this Court evaluates the

adequacy of the plea colloquy and the voluntariness of the resulting plea by

looking at the totality of the circumstances:

> In order for a guilty plea to be constitutionally valid, the
> guilty plea colloquy must affirmatively show that the
> defendant understood what the plea connoted and its
> consequences. This determination is to be made by
> examining the totality of the circumstances surrounding the
> entry of the plea. Thus, even though there is an omission
> or a defect in the guilty plea colloquy, a plea of guilty will
> not be deemed invalid if the circumstances surrounding the
> plea disclose that the defendant had a full understanding of
> the nature and consequences of his plea and that he
> knowingly and voluntarily decided to enter the plea.

**Yeomans**, 24 A.3d at 1047 (citing **Fluharty**, 632 A.2d at 314-15).

In this case, the PCRA court concluded McClure's claim that plea counsel

was ineffective by inducing him to believe that he would receive a 12½ to 25

year sentence was not a basis for post-conviction relief, given review of the

certified record, including McClure's written and oral colloquies. First,

regarding McClure's written plea colloquy, the court explained:

> Here, a written guilty plea colloquy was signed by [McClure]
> and made part of the record. It indicated the charges that
> [McClure] was facing along with the maximum punishment
> (including life in prison). [McClure] indicated that he read,
> wrote, and understood the English language and that he was
> aware of his right to a jury trial, the right to a non-jury trial,
> and the following rights that are attached: including the

presumption of innocence, the right to have his attorney file pretrial motions, the right to cross-examine witnesses, the right to present evidence on his own behalf, and the right to testify. The written guilty plea colloquy included a section on the type of sentence the court can impose. Finally, the written guilty plea colloquy indicated that [McClure] understood that he was entering a voluntary plea and that he wished to enter a plea of guilty.

PCRA Court Opinion, 8/21/19, at 4-5 (citation omitted). Additionally, the PCRA court noted the record revealed McClure had an opportunity to go over the written plea colloquy with both trial counsel and his family.

With regard to the McClure's oral plea colloquy, the PCRA court found that it revealed that McClure "was not under the influence of any drugs or alcohol, was not on any medication, and [had] never been in a mental institution." *Id.* at 5. The court further noted that plea counsel "explained [to McClure] his right to a jury trial and all the rights that entails." *Id.* The PCRA court also acknowledged that McClure stated he had no questions regarding his guilty plea. The PCRA court then highlighted the following exchange from the oral colloquy:

> [BY THE PROSECUTOR:] I just wanted to make sure the penalties you're aware of, sir, as the plea of murder of the second degree due to the fact that you [were] 16 years of age at the time of that incident, you are not facing an automatic life sentence. If you were 18 or older, you would be facing automatically a life sentence. However, due to the fact that you were 16 years old at the time, you're looking at a sentence on that charge of a minimum of 30 years, but it can be anywhere up to a life sentence. The judge has that option to impose a sentence anywhere from 30 years to life. Are you aware of that?
>
> [McClure] responded "yes."

Trial Court Opinion, 8/21/19, at 5 (citing N.T., 12/10/18, at 9).

The trial court further noted that at the oral plea colloquy, although McClure informed the court that he had not discussed the plea with his family members, plea counsel assured the court that he talked with McClure's family that morning "and all throughout the case, Your Honor. This has been something that's been a possibility." *Id.* at 6. Finally, the trial court noted that McClure stated that: 1) he did not need time to speak to his family; 2) pleading guilty to second-degree murder was in his best interest; 3) he had sufficient time to discuss his plea with trial counsel; 4) no threats or promises had been made to get him to plead guilty; and 5) McClure did not have "any questions about [his] rights at [that] point in time[.]" *Id.*

Based upon the totality of these circumstances, the trial court concluded "the record clearly reflects that [McClure] made a knowing, voluntary and intelligent plea." *Id.*

The trial court then addressed McClure's PCRA petition as follows:

> In his PCRA petition, [McClure] alleges that he wished to change his plea and that his Mother tried texting [trial counsel] on January 23-24, 2019. However, at the time of sentencing on <u>February 6, 2019</u>, [McClure's] mother was present but elected not to speak. Nor did [McClure] seek to withdraw his guilty plea at the time of sentencing. Thus, we cannot find that [trial] counsel was ineffective when the record suggests that [plea counsel] went over the guilty plea colloquy with [McClure], spoke to [McClure's] family, and indicated on the record that the family did not wish to speak at the time of sentencing. [McClure's mother would have had the opportunity to address McClure's concerns at the time of sentencing.]

> In sum, [McClure] understood the charges and penalties that he faced, signed a written guilty plea colloquy that was made part of the record, an on-the-record colloquy took place, and at no time did [McClure] seek to withdraw his guilty plea prior to sentencing. [McClure's] claim to ineffective assistance of counsel lacks arguable merit and there is no showing that he suffered prejudice for the actions or inactions of plea counsel. As such, [McClure] entered a knowing, voluntary, and intelligent plea.

PCRA Court Opinion, 8/21/19, at 6-7. Our review of the record supports the PCRA court's conclusions.

In arguing to the contrary, McClure claims that the PCRA court erred in denying his PCRA petition without holding an evidentiary hearing. According to McClure, plea counsel's "ignorance of the relevant sentencing law when inducing [him] to accept his plea offer and subsequent failure to withdraw [McClure's] guilty plea constituted ineffective assistance of counsel." McClure's Brief at 15. We cannot agree.

Our review of the sentencing transcript does confirm that plea counsel asked the trial court to "step outside of the sentencing guidelines, below the fully mitigated range, and sentence" McClure to a term of 12½ to 25 years of imprisonment. N.T., 2/6/19 at 2. This fact, however, in and of itself, does not create a factual issue of whether plea counsel similarly misadvised McClure prior to the entry of his guilty plea.[1] Indeed, McClure's answers in his oral and written guilty plea colloquies refute such a claim.

---

[1] This case differs from those wherein counsel advised the defendant to enter a guilty plea to an illegal sentence. *See*, *e.g.*, *Commonwealth v. Melendez-Negron*, 123 A.3d 1087 (Pa. Super. 2015).

As this Court has summarized:

> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.
>
> ***
>
> The long standing rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.
>
> ***
>
> [A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Pollard*, 832 A.2d 517, 523-24 (Pa. Super. 2003) (citations omitted).

Here, no "defect" or "omission" occurred during McClure's guilty plea colloquy. *Yeomans*, *supra*. Instead, McClure claims that we should view the "totality of circumstances" surrounding his guilty plea differently because he "cannot be held to the same standard of competence as an adult counterpart. Although legally an adult by the time of his guilty plea, [McClure's] background suggests that his emotion and mental capacity is far more limited than that of an adult." McClure's Brief at 22. This claim fails for two reasons. Initially,

because this claim was not set forth in his PCRA petition, McClure inappropriately raises it for the first time on appeal. *See generally*, Pa.R.A.P. 302(a). In addition, as McClure's cites no case authority for this claim it is undeveloped, and therefore waived. *See Commonwealth v. Tielsch*, 934 A.2d 81, 93 (Pa. Super. 2007) (holding that undeveloped claims will not be considered on appeal).

Moreover, the fact that the prosecutor rather than plea counsel questioned McClure regarding his understanding of the applicable mandatory minimum is of no significance. Once again, McClure relies on his youth and other factors to argue that the trial court erred in concluding that "a man of [his] capacity would understand the nature of the charges against him, dripped in legalese, and coming from opposing counsel—the very woman [McClure] knew was trying her very hardest to land him in prison. No reasonable lay person, let alone one as young as [McClure], would believe the words of the perceived enemy." McClure's Brief at 27-28. Our law is well settled, however, "there is no set manner, and no fixed terms," which must be used to establish the validity of a defendant's guilty plea. *Commonwealth v. Flanagan*, 854 A.2d 489, 500 (Pa. 2004). As the PCRA court noted above, given his responses in the oral and written plea colloquies, it had no reason to believe McClure was not fully aware and understood the consequences of his guilty plea.

Thus, for all these reasons, the PCRA court properly dismissed, without a hearing, McClure's claim that plea counsel's ineffectiveness caused him to enter an invalid plea.

In his sole issue raised on appeal McClure further contends that the PCRA court erred in dismissing, without a hearing, his claim that trial counsel was ineffective for failing to file a pre-sentence motion to withdraw his plea. This claim was not preserved for appellate review. Our review of McClure's counseled PCRA petition indicates that this claim was not raised with sufficient specificity. Indeed, as it explained above, the PCRA court did not consider this claim as a separate issue, but considered it as part of his previous ineffectiveness claim. McClure did not unequivocally raise this second claim until he filed his Rule 1925(b) statement. This was too late. **See Commonwealth v. Watson,** 835 A.2d 786, 791 (Pa. Super. 2003) (citation omitted) (explaining, "[a] party cannot rectify the failure to preserve an issue by proffering it in response to Rule 1925(b) order").

In sum, because our review of the record supports the PCRA court's conclusion that McClure's ineffectiveness claims lack arguable merit or are waived, the court properly denied his PCRA petition without first holding a hearing. We therefore affirm its order denying McClure post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/12/2020