J-S40030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CORRY CAMPBELL, | : | |
| | : | |
| Appellant | : | No. 417 EDA 2019 |

Appeal from the PCRA Order Entered December 10, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006357-2014

BEFORE:   SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                    **FILED DECEMBER 23, 2020**

Appellant, Corry Campbell, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows. Between March 30, 2014, and April 1, 2014, Appellant and several co-conspirators restrained, beat, and forcibly tattooed Victim with racially, religiously, and sexually offensive words and images.  The Commonwealth subsequently charged Appellant with various offenses stemming from these acts.  At some point before the scheduled trial date, the Commonwealth

_____

[*] Retired Senior Judge assigned to the Superior Court.

offered Appellant a plea agreement with a recommended sentence of 7½ to 15 years' incarceration. Appellant rejected the plea offer.

On December 22, 2014, Appellant entered an open guilty plea to aggravated assault, conspiracy to commit aggravated assault, and false imprisonment. Appellant executed a written guilty plea colloquy, and the court conducted an on-the-record colloquy to confirm Appellant's plea was knowing, intelligent, and voluntary. On April 9, 2015, the court sentenced Appellant to an aggregate 8 to 20 years' incarceration, plus 5 years' probation. This Court affirmed the judgment of sentence on August 9, 2016. *See Commonwealth v. Campbell*, 156 A.3d 329 (Pa.Super. 2016) (unpublished memorandum). Appellant did not pursue further direct review.

On August 23, 2017, Appellant timely filed a counseled PCRA petition. Appellant alleged plea counsel was ineffective for advising him to reject the Commonwealth's plea offer and to enter an open plea instead. Appellant claimed counsel assured Appellant that if he did so, he would receive a lesser sentence than what the Commonwealth offered. Appellant further argued that counsel was ineffective for failing to litigate a motion to suppress where police obtained evidence from his home and used it during the questioning of a witness, prior to obtaining a valid search warrant.

The Commonwealth filed a motion to dismiss Appellant's petition on March 27, 2018, arguing, *inter alia*, that Appellant's suppression argument was woefully undeveloped where he did not explain what "evidence" he was

referring to and did not attach a copy of the search warrant to his petition. In response to the Commonwealth's motion to dismiss, Appellant specified that the evidence he was referring to were cell phones recovered from Appellant's home, and Appellant attached both the witness' interview and the search warrant for Appellant's residence. The Commonwealth filed a supplemental motion to dismiss on July 17, 2018, and Appellant filed a response to the supplemental motion on August 28, 2018.

On December 10, 2018, the PCRA court conducted an evidentiary hearing on Appellant's claim that plea counsel was ineffective for advising Appellant to reject the Commonwealth's plea offer and enter an open plea instead.[1] The court summarized plea counsel's testimony as follows:

> The Court: So, if I understand it correctly, [Plea Counsel], you've been practicing law for many, many years, and you reviewed the case, you evaluated the evidence in this case, the video, and other evidence, what the charges were, and you advised [Appellant] that he thought he could do better, you thought he could potentially do better than 7 and a half to 15, but there's no guarantees.
>
> [Plea Counsel]: That's absolutely correct, judge.
>
> The Court: And [with an] open plea you'll argue strenuously for what you believe was appropriate and he'll have a chance to speak to the judge and his mother and anybody else, and ultimately it will be up to the judge and he could get much more than [what the Commonwealth had

_____

[1] The PCRA court explained: "This [c]ourt, at a previous listing of this matter, advised the parties that it was dismissing for lack of merit, without an evidentiary hearing, [A]ppellant's other claim for PCRA relief relating to [A]ppellant's claim of counsel's ineffectiveness for failing to pursue a Motion to Suppress." (PCRA Court Opinion, filed December 3, 2019, at 3 n.6).

offered] potentially.

[Plea Counsel]:    That's true.

The Court:    And he asked you some questions about all this when you had discussions.

[Plea Counsel]:    We had many discussions.

The Court:    And he asked you many questions, and you had a lot of discussions with him and his mother and based on all of that interaction did you feel that he knew exactly what you were talking about, what the risks, what the pros and the cons were, and what the risks were in terms of doing an open plea versus a negotiated plea of 7 and a half to 15?

[Plea Counsel]:    Yes.

(N.T. PCRA Hearing, 12/10/18, at 14-15).

After plea counsel's testimony, Appellant offered testimony from his mother, Joanne Wyjadka. Ms. Wyjadka claimed that plea counsel never discussed the sentencing guidelines with her or informed her of any specific plea offer from the Commonwealth. Concerning the possible sentence Appellant faced, the following exchange took place:

[PCRA Counsel]:    Did [Plea Counsel] ever talk to you about numbers at all with respect to what your son's sentence could be?

[Ms. Wyjadka]:    Well, I asked [Plea Counsel], I said what are we talking about, 1 to 3? 2 to 4? And he said there was no guarantee but, yes.

[PCRA Counsel]:    And do you remember when that was in relation to when your son pled guilty? Was it before or after?

[Ms. Wyjadka]:    Well, before the actual day of the court

- 4 -

where he was entering his plea, [Plea Counsel] had gotten a mental evaluation, and [Plea Counsel] was particularly excited and that's when he told me we're looking at 2 years.

(*Id.* at 17-18).

Appellant also testified at the PCRA hearing that plea counsel did not discuss the sentencing guidelines with him either. Appellant claimed that had plea counsel explained the Commonwealth's plea offer was within the guidelines, Appellant would have taken the plea deal. Appellant maintained, however, that plea counsel advised him not to take the Commonwealth's offer, and to enter an open plea instead. Appellant testified that on the day of sentencing, counsel told Appellant he thought Appellant could receive 2 years' incarceration with the open plea. Nevertheless, Appellant agreed that plea counsel did not promise him a specific sentence:

> [The Commonwealth]: So, but you do admit that [Plea Counsel] never made any promises as to what your sentence would be, right?
>
> [Appellant]: Right.
>
> [The Commonwealth]: He told you that the judge could give you whatever sentence he wants because you['re] pleading open, right?
>
> [Appellant]: He was real animated telling me this 7 to 14[2] is outrageous and I should do nothing but take this open plea.
>
> [The Commonwealth]: But just to be clear again, he never promised you that you would get less than 7 to 14,

_____

[2] Appellant testified that the Commonwealth's offer was 7 to 14 years' imprisonment, rather than 7½ to 15 years' imprisonment. (*Id.* at 27).

        right?

        [Appellant]:                    No.

(*Id.* at 29-30).

        At the conclusion of the hearing, the court denied PCRA relief.  Appellant

timely filed a notice of appeal.[3]  On February 12, 2019, the court ordered

Appellant to file a concise statement of errors complained of on appeal

pursuant to Pa.R.A.P. 1925(b).  The next day, PCRA counsel filed a petition to

withdraw in this Court claiming Appellant had dismissed counsel from

representing him.   Counsel filed the same motion in the PCRA court on

February 15, 2019.  On March 11, 2019, this Court granted the petition to

withdraw and ordered the PCRA court to determine if Appellant was eligible

for appointment of appellate counsel.  The PCRA court permitted counsel to

withdraw on April 4, 2019, and appointed new counsel for Appellant.  On

August 27, 2019, Appellant filed a Rule 1925(b) statement.[4]

        Appellant raises the following issues on appeal:

_____

[3] The court entered the order dismissing Appellant's PCRA petition on
December 10, 2018.  Although Appellant's *pro se* notice of appeal was not
filed until January 10, 2019, the notice of appeal is dated January 4, 2019.
Under these circumstances, we deem Appellant's notice of appeal as timely
filed.  ***See Commonwealth v. Chambers***, 35 A.3d 34 (Pa.Super. 2011),
*appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (explaining that under
"prisoner mailbox rule," *pro se* prisoner's document is deemed filed on date
he delivers it to prison authorities for mailing).

[4] It is unclear from the record whether the court granted an extension for
newly appointed counsel to file the Rule 1925(b) statement.  The PCRA court
opinion, however, describes the concise statement as timely filed.

> Did the PCRA court err in failing to find [plea] counsel ineffective for advising [Appellant] that if he entered an open plea, he would likely receive a mitigated range sentence when no reasonable basis existed for such advice given the horrific nature of the facts underlying the case?
>
> Did the PCRA court err in denying, without a hearing, [Appellant]'s claim that [plea] counsel was ineffective for failing to litigate a motion to suppress where the statement of Commonwealth witness Sandra Ng clearly indicated that detectives were in possession of cell phones recovered from [Appellant]'s house before a search warrant had been served on the property?

(Appellant's Brief at 3).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We do not give the same deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012).

Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335 (Pa.Super. 2012). Where the PCRA court conducts a

hearing, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. ***Commonwealth v. Abu-Jamal***, 553 Pa. 485, 720 A.2d 79 (1998), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999).

In his first issue, Appellant argues plea counsel was ineffective because plea counsel advised Appellant to reject the Commonwealth's offer of 7½ to 15 years' imprisonment. Appellant contends plea counsel gave this advice because he thought Appellant could receive a better sentence if Appellant entered an open plea instead. Appellant insists counsel's advice fell outside the range of competence demanded of an attorney in a criminal case where, in light of the horrific facts of this case, it was unrealistic for counsel to believe the court would impose a lower sentence than the Commonwealth's plea offer. Appellant concludes this Court should reverse the order denying PCRA relief, vacate the judgment of sentence, and direct the Commonwealth to reinstate its plea offer. We disagree.

Pennsylvania law presumes counsel has rendered effective assistance. ***Commonwealth v. Williams***, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v.***

*Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Williams, supra*.

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007) (internal citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* Pennsylvania law does not require the defendant to "be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." *Id.* at 528-29. A guilty plea will be deemed valid if the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. *Commonwealth v. Fluharty*, 632 A.2d 312 (Pa.Super. 1993). Further, a defendant who decides to plead guilty is bound by the statements he makes while under oath and may not later assert grounds for withdrawing his plea that contradict statements he made during the plea colloquy. *Commonwealth v. Pollard*, 832 A.2d 517 (Pa.Super. 2003).

Instantly, Appellant engaged in a thorough guilty plea colloquy fully

communicating his decision to plead guilty at the plea hearing on December 22, 2014. Appellant acknowledged the voluntariness of his plea, his responsibility for the charged crimes, and his understanding of the maximum penalty and restitution required for the offenses to which he pled guilty. Appellant also executed a written guilty plea colloquy on the same day in which he recognized the rights he relinquished by pleading guilty, including his right to a trial by judge or jury, his right to ensure the Commonwealth met its burden of proof, and his limited appeal rights. Notably, in both the oral and written colloquies, Appellant made clear that no one promised him anything in exchange for his plea. The colloquies demonstrate Appellant's guilty plea was knowing, intelligent, and voluntary. ***See Fluharty, supra***.

Further, at the conclusion of the evidentiary hearing on December 10, 2018, the PCRA court stated:

> All right. I've heard the testimony and based on the testimony of [Plea Counsel] as well as [Appellant] and his mother[,] I believe that [Plea Counsel] was not ineffective. [Appellant] did not have any prior record when he came before me, and [Plea Counsel] believed that perhaps he could get that sentence, but in any case get a lower sentence than 7 to 14 years and so advised [Appellant]. As it turned out, [Plea Counsel] was wrong, but he wasn't wrong because his advice had no basis based on his experience and fact. The sentence that ultimately [Appellant] got was, I gave him—I believe the D.A. requested 5 to 10 on each charge, for a total of 10 to 20, and I gave him 8 to 20, I believe, which was looking at the guidelines basically, I think I gave him 4 and 4 essentially.
>
> *    *    *
>
> It was within the guidelines, but at the higher end. And

> based on [Plea Counsel]'s testimony as well as the other testimony I heard, I do not believe that [Plea Counsel] was ineffective in this case, and therefore, I will not grant the motion for new trial. …

(N.T. PCRA Hearing at 36-37). We see no reason to disrupt the PCRA court's reasoning.

Here, based upon his years of experience practicing criminal law and his knowledge of the mitigating evidence in this case, plea counsel testified that he thought Appellant could do better than the Commonwealth's offer. Though counsel's advice ultimately proved to be incorrect, it did not rise to the level of ineffectiveness where both plea counsel and Appellant testified that counsel did not promise Appellant he would receive a specific sentence if he entered an open guilty plea. Rather, the testimony at the PCRA hearing showed that plea counsel and Appellant had multiple discussions regarding the Commonwealth's plea offer, and Appellant understood the pros and cons of rejecting the offer and the risks involved with that decision. (*See id.* at 14-15). Consequently, Appellant is not entitled to relief on this claim. *See Moser, supra*; *Pollard supra*.

In his second issue, Appellant argues the PCRA court erred in denying without a hearing his claim that counsel was ineffective for failing to litigate a motion to suppress evidence recovered from Appellant's home. Appellant alleges that the search warrant states police searched Appellant's property on April 1, 2014, at 5:22 p.m. Appellant contends, however, that police used evidence from his home during the interrogation of Commonwealth witness,

Sandra Ng, on April 1, 2014, between 4:16 p.m. and 5:33 p.m. Due to this timing discrepancy, Appellant maintains the police illegally seized evidence from his home, including the cell phones of Appellant and his co-conspirators containing video of the incident, before officers had actually obtained authorization to search. Appellant avers counsel failed to file a motion to suppress the fruit of this illegal search. Appellant further claims that, had trial counsel moved to suppress this evidence, he would not have pled guilty. Appellant concludes this Court should vacate the order denying PCRA relief and remand for an evidentiary hearing on this issue. We disagree.

Initially, Appellant failed to attach to his PCRA petition the search warrant, witness interview, or any other records or evidence in support of his claim, as required by Pa.R.Crim.P. 902(D). **See** Pa.R.Crim.P. 902(D) (stating: "The defendant shall attach to the petition any affidavits, records, documents, or other evidence which show the facts stated in support of the grounds for relief, or the petition shall state why they are not attached"). Appellant, however, attached these documents to his response to the Commonwealth's motion to dismiss, so we decline to deny Appellant relief based on this defect.

Nevertheless, this Court has explained:

> [W]here a defendant alleges that counsel ineffectively failed to pursue a suppression motion, the inquiry is whether the failure to file the motion is itself objectively unreasonable, which requires a showing that the motion would be meritorious. … That stands in stark contrast to [a] contention that prejudice is limited to asking whether the motion simply would have been **filed**. The prejudice inquiry still requires the defendant to establish that he would have

> filed the motion and proceeded to trial instead of accepting the plea, not simply that he would have filed the motion.

***Commonwealth v. Johnson***, 179 A.3d 1153, 1160 (Pa.Super. 2018) (internal citation and footnote omitted) (emphasis in original).

Here, the search warrant shows that police seized two cell phones (among other things) from Appellant's home. During the witness' interview, police reference a white Samsung phone and a black Verizon LG phone. Neither the search warrant nor the interview identify these phones as having been recovered from Appellant's home. Additionally, Appellant has not indicated whether the police had the phones allegedly obtained from Appellant's residence physically present during the interview, or whether police were merely relying on pictures and/or information received during the execution of the search warrant, which appears to have occurred while the witness interview was taking place. Further, Appellant has not even identified the phones referred to in the witness interview as the ones taken from his home, and has not made clear which phone contained the incriminating video evidence he wanted suppressed. Thus, notwithstanding Appellant's general allegations of an "illegal search," he has failed to plead or prove how a suppression motion would have been meritorious, as is necessary to succeed on his related ineffectiveness claim. ***See id.*** For these reasons, the PCRA court did not err in refusing to conduct an evidentiary hearing on this claim. ***See Wah, supra***. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 12/23/2020*