J-A09029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRYANT DEWAYNE BLYE | : | |
| | : | |
| Appellant | : | No. 110 WDA 2020 |

Appeal from the PCRA Order Entered January 13, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002248-2016

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                                    **FILED; JULY 8, 2021**

Bryant Dewayne Blye appeals from the order denying his first petition

for relief pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§

9541-46.  We affirm.

The PCRA court summarized the pertinent facts and procedural history

as follows:

> [Blye] was charged with and pled guilty to three (3)
> counts of aggravated assault, and one (1) count each of
> possession of a firearm prohibited and carrying a firearm
> without a license.  The remaining counts were withdrawn
> pursuant to the plea agreement in the case.  The charges
> stemmed from [Blye] [waving] a firearm around the hallway
> of a building and pointing it directly at Pittsburgh Police
> officers who had responded to the call.  [Blye] was
> encountered [waving] the firearm and ignored numerous
> requests by police to put the firearm down.  When [Blye]

_____

[*] Retired Senior Judge assigned to the Superior Court.

raised the firearm and pointed it at the officers, [Blye] was shot by police.

PCRA Court Opinion, 12/30/20, at 1 (footnotes and excess capitalization omitted).

On December 23, 2016, the trial court sentenced Blye to an aggregate term of 10 to 23 years of imprisonment. Blye timely filed post-sentence motions, which the trial court denied. Although Blye filed a direct appeal to this Court, he later withdrew it. On September 28, 2017, Blye filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed an amended petition. On February 7, 2019, the PCRA court held an evidentiary hearing at which Blye and plea counsel testified. By order entered January 13, 2020, the PCRA court denied Blye's amended PCRA petition. This timely appeal followed. Both Blye and the PCRA court have complied with Pa.R.A.P. 1925.

Blye raises the following issue on appeal:

I.      Did the [PCRA] court abuse its discretion in denying the PCRA petition insofar as [Blye] established that counsel was ineffective for not advising [him] that the Commonwealth's own evidence showed that the Commonwealth could not have proven Count 3, aggravated assault with respect to alleged victim, Officer Stephanie Labella, beyond a reasonable doubt; and/or allowing [Blye] to plead guilty to an offense for which [] no factual basis existed, and therefore, the guilty plea was not knowingly, intelligently and voluntarily entered?

Blye's Brief at 4 (excess capitalization omitted).

Our scope and standard of review is well settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

Blye's issue alleges the ineffective assistance of plea counsel for advising him to enter his guilty plea when several of the crimes charged against him lacked a factual basis. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. *Id.* at 533.

With regard to claims of ineffectiveness in relation to the entry of plea, we further note:

Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Allegations

of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

The standard for post-sentence withdraw of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

***Commonwealth v. Kelley***, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted).

With regard to the procedure followed regarding the entry of a guilty plea, this Court has stated:

Pennsylvania has constructed its guilty plea procedures in a way designed to guarantee assurance that guilty pleas are voluntarily and understandingly tendered. The entry of a guilty plea is a protracted and comprehensive proceeding wherein the court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly entered.

***Commonwealth v. Yeomans***, 24 A.3d 1044, 1046 (Pa. Super. 2011) (quoting ***Commonwealth v. Fluharty***, 632 A.2d 312, 314 (Pa. Super. 1993)).

Rule 590(A)(1) of the Pennsylvania Rules of Criminal Procedure requires that a guilty plea be taken in open court. Regarding plea agreements, Rule

590(B)(2) requires the trial court to "conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based." Pa.R.Crim.P. 590(B)(2). As noted in the Comment to Rule 590, at a minimum the trial court should ask questions to elicit the following information:

(1)   Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

(2)   Is there a factual basis for the plea?

(3)   Does the defendant understand that he or she has the right to trial by jury?

(4)   Does the defendant understand that he or she is presumed innocent until found guilty?

(5)   Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6)   Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

(7)   Does the defendant understand that the Commonwealth has a right to have a jury decide the degree of guilt if the defendant pleads guilty to murder generally?

Pa.R.Crim.P. 590, Comment.

On appeal, this Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by looking at the totality of the circumstances. **Yeomans**, 24 A.3d at 1047 (citation omitted). "Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of

guilty will not be deemed invalid if the circumstances surrounding the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Id.* Under Pennsylvania law, a reviewing court is free to consider a wide array of relevant evidence in addition to the transcript of the actual plea colloquy, under the totality-of-the-circumstances standard, to determine the validity of a claim and plea agreement, including, but not limited to transcripts from other proceedings, off-the-record communications with counsel, and written plea agreements. *Commonwealth v. Allen*, 732 A.2d 582, 589 (Pa. 1999).

With these standards in mind we address the merits of Blye's sole issue on appeal. As noted above, Blye asserts his plea counsel was ineffective for failing to ensure that his oral colloquy included a factual basis for his guilty plea to aggravated assault involving Officer Stephanie Labella. According to Blye, when interviewed regarding the police shooting, Officer Labella stated that she was not present when Blye pointed the gun at the officers, and thus there was no basis to plead guilty to that charge.[1]

_____

[1] Blye also claims that he was not afforded an adequate colloquy in accordance with Pa.R.Crim.P. 590(A) and its accompanying comments. Blye's Brief at 10. Because this claim was not raised in Blye's Rule 1925(b) statement it is waived. *See* Pa.R.A.P. 1925(b)(4)(vii). Nonetheless, given the totality of the circumstances surrounding Blye's entry of his guilty plea, any defects in the colloquy did not affect its validity. *See Yeomans*, *supra*.

The PCRA court found no merit to this claim. The court first noted that, at the evidentiary hearing, plea counsel had testified that he stipulated to incorporating the affidavit of probable cause as the factual basis for the plea. The affidavit of probable cause reads, in pertinent part as follows:

> Both Sgt. Viskovicz and [Officer] Jeff Labella observed Blye in the middle of the hallway facing them. The officers ordered Blye to show his hands because his right hand was concealed behind his right leg. Blye took a step backward exposing a semi-auto handgun in his right hand. The officer(s) yelled if he raised the gun up he was going to be shot. They then stated and repeated numerous times to drop the weapon. Blye continued to step backwards tripping himself and falling to the hallway floor in a seated position. The officers ordered Blye to put his hands in the air, take his hand off the gun, and kick the gun away from him. Blye refused to comply with any of the officers orders and raised the gun ***pointing it at the 3 officers including Officer Stephanie Labella***.

Criminal Complaint, 1/12/16, Affidavit of Probable Cause, at 2. Thus, a review of the record refutes Blye's claim that his plea lacked a factual basis regarding Count 3.

At the evidentiary hearing, PCRA counsel cross-examined plea counsel about a supplemental report prepared by police detectives after they interviewed Officer Stephanie Labella about the shooting. According to this report, she related the following:

> Once Blye got into the other hallway, Officer [Stephanie] Labella stated that the way they entered the apartment building she was still in the first hallway where they first encountered Blye and could not see around Sgt. Viskovicz and Officer Jeff Labella. Officer [Stephanie] Labella then stated that she then heard about 15 to 20 gun shots [sic].

- 7 -

> Officer [Stephanie] Labella stated that she did not see any of the gunshots being fired.

Supplemental Report, 12/30/15, at 2. Plea counsel agreed with PCRA counsel that, based on the above, Officer Stephanie Labella was not present at the time Blye was threatening or menacing the officers.

In his brief, Blye claims that the above passage supports his claim that there was no factual basis to support his plea to Count 3, aggravated assault involving Officer Stephanie Labella, and that plea counsel was ineffective for allowing him to enter the guilty plea to this charge. The PCRA court found no merit to this claim:

> Despite [PCRA counsel's] and [plea counsel's] apparent conclusions that Officer Stephanie LaBella was not present, and could not have been threatened, the contents of the Affidavit of Probable Cause in this case remains unrefuted.
>
> Officer [Stephanie] LaBella was positioned behind the other two officers who responded that day. She was present when the other officers repeatedly directed [Blye] to put his gun down and kick it away. She was present when she heard gunfire, 15-20 shots at the time, when [Blye] refused to give up his gun, Moreover, the only person who could clarify both her physical position and state of mind that day, on that call, is Officer Stephanie LaBella, who was not called as a witness by the defense. Accordingly, the PCRA court was unpersuaded by PCRA counsel's argument.

PCRA Court Opinion, 12/30/20, at 6 (citation omitted).

Our review of the record supports the PCRA court's conclusion. As noted above, it is a PCRA petitioner's burden to prove counsel's ineffectiveness. Ineffectiveness claims cannot be raised in a vacuum. *See generally*, *Commonwealth v. Pettus*, 424 A.2d 1332 (Pa. 1981). We note that this

supplemental report was prepared by a third party, and there is no indication that Officer Stephanie Labella adopted the contents of the interview summary with her signature. Indeed, as noted by the PCRA court, PCRA counsel did not call her at the evidentiary hearing. We further note that, although Blye testified at the PCRA hearing, PCRA counsel did not ask him any questions regarding the incident.

Moreover, our review of the record supports the following additional comments by the PCRA court:

> Further, [plea counsel] testified that he went over the guilty plea explanation of Defendant's Rights Form with [Blye] and that [Blye] understood the form and its contents. [Plea counsel] testified that he went [through] the form, question by question, together, with [Blye] and that [Blye] understood the contents. The factual basis of the charges [was] discussed with [Blye]. [Plea counsel] explained to [Blye] how the facts in the case proved each charge filed against [him]. [Blye] was advised that in a plea, the Commonwealth could summarize the evidence. [Plea counsel] also explained to [Blye] that his plea must be knowingly, and voluntarily entered. [Blye] was also advised by [plea counsel] that he must have sufficient time to consult with his lawyer and sufficient time to review any factual or legal issues presented, according to [plea counsel]. [Plea counsel] indicated throughout his testimony that [Blye] understood all of these rights contained in the guilty plea explanation of the defendant's rights form.

PCRA Court Opinion, 12/30/20, at 6-7 (citations omitted).

Our review of Blye's oral and written plea colloquies support the PCRA court's explanation. In his own testimony at the PCRA hearing, Blye did not

contradict plea counsel's testimony regarding their discussions prior to entry of the plea.[2]

In its summation, the PCRA court disagreed with Blye's assertion that the detectives' interview with Officer Stephanie Labella established that she was not the victim of an aggravated assault by Blye on the date in question. PCRA Court Opinion, 12/30/20, at 7. The court also concluded that Blye made a knowing, intelligent, and voluntary decision to plead guilty as charged pursuant to the plea agreement entered in this case. *Id.* Because the record amply supports these conclusions, we affirm the PCRA court's order denying Blye post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2021

---

[2] Blye's testimony only concerned his desire to file a direct appeal from his sentence and/or withdraw his plea. *See* N.T., 2/7/19, at 48-53.